**UNITED STATES of America**

v.

**Osneth OLIBRICES, Appellant.**

**No. 90–3087.**

United States Court of Appeals, District of Columbia Circuit.

Argued Sept. 17, 1992.

Decided Dec. 1, 1992.

---

William J. Garber, Washington, D.C. (appointed by this Court), for appellant.

Kristan Peters–Hamlin, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John R. Fisher, Thomas J. Tourish, Jr., and Lisa A. Gok, Asst. U.S. Attys., Washington, D.C., were on the brief, for appellee.

Before EDWARDS, SENTELLE, and HENDERSON, Circuit Judges.

Opinion for the Court filed by Circuit Judge SENTELLE.

SENTELLE, Circuit Judge:

Appellant Osneth Olibrices pled guilty to one count of conspiracy to distribute and possess with intent to distribute cocaine, in violation of 18 U.S.C. § 371 (1988). In exchange for her guilty plea, the government agreed to dismiss other counts charging her with unlawful use of a communication facility, in violation of 21 U.S.C. § 843(b) (1988), and participation in a larger drug conspiracy, in violation of 21 U.S.C. § 846 (1988). She appeals from a judgment sentencing her to fifty-one months' incarceration and three years of supervised release, arguing that the sentencing judge erred in failing to grant her a downward adjustment of her base offense level under section 3B1.2 of the United States Sentencing Guidelines ("Guidelines") because she played a "minimal" or "minor" role in the overall conspiracy. We conclude that she was not entitled to a downward adjustment and therefore affirm the judgment below.

## I. BACKGROUND

### A. The Indictment and Plea Agreement

A May 12, 1989 indictment charged appellant with one count of participating in a conspiracy to distribute and to possess with intent to distribute narcotics, in violation of 21 U.S.C. § 846, between October 1988 and May 12, 1989. In other counts, the indictment charged thirty-one other people with various unlawful distribution and related offenses. A superseding indictment on June 23, 1989 additionally charged appellant with two counts of unlawful use of a communication facility on May 9 and 11, 1989, in violation of 21 U.S.C. § 843(b).

On February 6, 1990, pursuant to a plea agreement the government filed a superseding information charging only conspiracy to distribute and possess with intent to distribute cocaine between April 1, 1989, and May 16, 1989, in violation of 18 U.S.C. § 371, and dropped the other counts against her. The superseding information charged that on May 9, 1989, appellant travelled with Alfredo Brathwaite from the District of Columbia to New York City to purchase a kilogram of cocaine for Marcos Loinas Anderson. According to evidence introduced at her plea hearing, appellant hid the cocaine on her person and returned by airplane that day. She was stopped at the airport by drug interdiction officers, but convinced them to release her. Later that evening appellant had a telephone conversation with Anderson to arrange the delivery of the cocaine, which she delivered to him in Washington that night.

Appellant entered a guilty plea on February 6, 1990, which the court accepted that day. The charge to which appellant pled guilty carries a maximum penalty of incarceration for five years, a $250,000 fine and

a three-year period of supervised release. 18 U.S.C. § 371.

## B. *The Sentencing Hearing*

At appellant's sentencing hearing, appellant's trial counsel, who is also counsel of record on this appeal, agreed that the quantity of drugs alleged in the information would require a base level of twenty-six under the Guidelines. Appellant contended that she was entitled to a downward adjustment of her base offense level by four points under section 3B1.2 of the Federal Sentencing Guidelines because she played a "minuscule" role in the overall conspiracy. The government argued that because conduct relating to the overall conspiracy had not been taken into account in setting the base level for her sentence, appellant's allegedly "minor" or "minimal" participation in that larger conspiracy should not be taken into account in calculating a possible sentence reduction on her guilty plea to the lesser conspiracy. The prosecutor stated:

> If we were talking about attributing to this defendant 15 kilograms or 25 kilograms for purposes of determining her base offense level, then I think it would be appropriate to give her some reductions, because in the overall conspiracy she was a minimal participant, but what the probation office has done, and I think correctly, has started her base offense level not with 25 kilograms but with one kilogram, the one that she brought down from New York on the plane, and as to that one kilogram she was clearly a major participant, the major participant. She was the one who picked it up, carried it on the plane and brought it down.

Transcript of Apr. 12, 1990 Sentencing Hearing, at 2–3 (hereinafter "Tr.").

The court concluded appellant was not entitled to a downward adjustment under section 3B1.2 because appellant was a major participant in the crime of conviction upon which the base level was calculated. The judge sentenced appellant on April 12, 1990, to fifty-one months' incarceration and three years of supervised release. Appellant timely appealed.

## II. DISCUSSION

■ On appeal, Olibrices renews her claim that she was entitled to a reduction under section 3B1.2 of the Guidelines. Section 3B1.2 states that:

> Based on the defendant's role in the offense, [the sentencing judge must] decrease the offense level as follows:
>
> (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
>
> (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
>
> In cases falling between (a) and (b), decrease by 3 levels.

U.S. Sentencing Comm'n, *Guidelines Manual*, § 3B1.2 (Nov.1992) (hereinafter "Guidelines"). Appellant argues that her sentence "was imposed as a result of an incorrect application" of section 3B1.2. 18 U.S.C. § 3742(a)(2) (1988). She bases her argument on a "clarifying amendment" to the sentencing guidelines, *see Guidelines*, Appendix C, part 345 (effective November 1, 1990), and a case we decided last year, *United States v. Caballero*, 936 F.2d 1292 (D.C.Cir.1991), which reassessed section 3B1 in light of this clarifying language.

The clarifying amendment is an addition to the introductory commentary to Chapter Three, Part B of the Guidelines, which concerns level adjustments based upon role in the offense. In pertinent part, the amendment reads:

> The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct) ... and not solely on the basis of elements and acts cited in the count of conviction.

*Guidelines*, Appendix C, part 345 (effective November 1, 1990). Appellant cites this passage to establish that all "relevant conduct," including a defendant's role in the "overall conspiracy," should be taken into account. Appellant urges that although this amendment had not yet gone into effect, it should have been applied to her sentence because it was not intended to change the law but rather to clarify it.

This argument avails her nothing. First, section 1B1.3, which sets forth the parameters of relevant conduct, applies both to establishing the base level for offenses and to adjustments thereto. Here the larger conspiracy was not taken into account in establishing the base level. To take the larger conspiracy into account only for purposes of making a downward adjustment in the base level would produce the absurd result that a defendant involved both as a minor participant in a larger distribution scheme for which she was not convicted, and as a major participant in a smaller scheme for which she was convicted, would receive a shorter sentence than a defendant involved solely in the smaller scheme. Also, such an interpretation would provide criminals with the incentive to be involved (or at least claim to be involved) tangentially in larger schemes in addition to the smaller conspiracies for which they are charged and convicted.

The Guidelines do not require this absurd result. The sentence following the one cited by appellant states:

> [W]here the defendant has received mitigation by virtue of being convicted of an offense significantly less serious than his actual criminal conduct, *e.g.*, the defendant is convicted of unlawful possession of a controlled substance but his actual conduct involved drug trafficking, a further reduction in the offense level under § 3B1.2 (Mitigating Role) ordinarily is not warranted because the defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense.

*Id.* A similar anomaly would arise in this case if a defendant whose sentence was not enhanced because of a more serious offense constituting relevant conduct nonetheless received a reduction because of her minor role in that offense. Appellant has been allowed to plead to an offense that carries a maximum sentence of 60 months rather than face a trial on charges that would have subjected her to a sentence of at least 151 months. To allow a further mitigation because she was also a minor part of a larger conspiracy is not warranted because "the defendant is not substantially less culpable"—to say the least—than a defendant who was not involved in any larger conspiracy. *Id.*

The most recent amendments to the Guidelines supports our analysis. The Sentencing Commission has changed the commentary just quoted to read as follows:

> If a defendant has received a lower offense level by virtue of being convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under this section ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense. For example, if a defendant whose actual conduct involved a minimal role in the distribution of 25 grams of cocaine . . . is convicted of simple possession of cocaine . . . no reduction for a mitigating role is warranted because the defendant is not substantially less culpable than a defendant whose only conduct involved the simple possession of cocaine.

*Guidelines*, at Appendix C, part 456 (effective November 1, 1992).

This latest amendment, in the Commission's words, further clarifies situations in which a defendant is not ordinarily eligible for a reduction under § 3B1.2, and "moves the discussion of this issue from the Introductory Commentary of Chapter Three, Part B, to the Commentary on § 3B1.2, where it more appropriately belongs." *Id.* Both the clarifying language of Appendix C, part 345 and the newer clarifying language of part 456 reinforce our conclusion that a reduction for a minor role in the offense cannot be awarded when the larger offense has not been taken into account in setting the base level.

Our decision in *United States v. Caballero*, 936 F.2d 1292 (D.C.Cir.1991), *cert. denied*, —— U.S. ——, 112 S.Ct. 943, 117 L.Ed.2d 113 (1992), is not to the contrary. Appellant cites *Caballero* for the proposition that the sentencing judge was required to take into account the contours of the entire conspiracy. Appellant notes that

when she was sentenced, *United States v. Williams*, 891 F.2d 921 (D.C.Cir.1989), was the governing circuit precedent. In *Williams*, which dealt with an upward adjustment pursuant to section 3B1.1, the Court held that § 3B1.1(c) "requires the judge to look at the defendant's role in the *offense of conviction*, not his role in any relevant aggravating conduct in which he may have engaged." 891 F.2d at 925 (emphasis in original). In *Caballero* we reassessed *Williams* in light of the clarifying amendment and concluded that "section 3B1 allows the sentencing judge to look to 'the contours of the underlying scheme itself' rather than the mere elements of 'the offense charged.'" 936 F.2d at 1298 (citing cases).

Appellant argues that the sentencing judge relied on the misimpression of *Williams* and thus wrongly believed the wider conspiracy could not be taken into account. We do not believe appellant has thought through the consequences of what she seeks. "Judges and genies have this in common: by granting supplicants exactly what they wish for, they may produce misery and regret." *United States v. Masters*, 978 F.2d 281 (7th Cir.1992). So it is here. As the sentencing judge recognized, *see* Tr. at 2–3, if the quantity of drugs involved in the larger conspiracy had been calculated into the computation of her offense level, she would have received a level thirty-four, instead of the base offense level of twenty-six that she received. *Compare Guidelines* § 2D1.1(c)(5) *with Guidelines* § 2D1.1(c)(9). Even if appellant had then been given the maximum four-point reduction under section 3B1.2 for playing a minimal role, her offense level would have been thirty with a sentencing range of 97–121 months, rather than twenty-six with the maximum plea-bargained exposure of sixty months. Fortunately for appellant, we reject her argument that the sentencing judge erred in not taking the overall offense into account. It makes no sense to take the broader conspiracy into account only in reducing, but not setting, the offense level, as appellant wants.

### III. Conclusion

In sum, we conclude that a defendant is not entitled to have her sentence reduced for a minimal role in relevant conduct that had no part in the calculation of the base level. We, therefore, affirm the judgment of the District Court.

*Affirmed.*