47 F.3d 1172
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jennifer Linn SMITH, Defendant-Appellant.
 No. 94-3282.
 United States Court of Appeals, Sixth Circuit.
 Feb. 14, 1995.
 
 Before: MERRITT, Chief Circuit Judge; NELSON, and DAUGHTREY, Circuit Judges.
 MERRITT, Chief Circuit Judge.
 
 
 1
 This case concerns an appeal over when a sentencing judge should apply the Mitigating Role section of the United States Sentencing Guidelines to adjust a sentence downward. U.S.S.G. Sec. 3B1.2. On October 12, 1993, Jennifer Smith pled guilty to money laundering in violation of 18 U.S.C. Sec. 1956(a)(3)(A). The defendant was sentenced on February 22, 1994 to forty-six months of imprisonment followed by thirty-six months of supervised release. She also was required to pay a special statutory assessment and was subjected to a forfeiture provision.
 
 
 2
 The defendant's husband, Robert F. Smith, was arrested in 1992 and subsequently convicted for running a large-scale marijuana distribution operation in Columbus Ohio. The defendant visited Mr. Smith in jail on several occasions after his arrest. During those visits, Mr. Smith encouraged the defendant to collect unpaid debts still owed him from drug transactions. Eventually, the defendant called Phillip Fisher, one of her husband's associates, and met with him. During the meeting she collected $5,000 from Fisher. Subsequently, Fisher agreed to become a government informant. The defendant called Fisher a second time, and arranged to meet him to collect another $5,000. Immediately after the defendant met with Fisher and collected the money, she was arrested and charged with money laundering.
 
 
 3
 At sentencing the defendant objected to the sentence that was eventually imposed on two grounds. First, she claimed that her husband "pressured" her to such an extent that she was under duress to collect the money. The district court rejected this argument. Since the defendant does not appeal this ruling, we treat this issue as waived. Second, the defendant contended that the sentence should be reduced by 2 to 4 offense levels because she had played only a minor role in the larger drug conspiracy conducted by her husband. The prosecution responded that the defendant had not been convicted of the larger conspiracy or aiding and abetting the drug conspiracy and therefore her husband's drug operation should not be considered in evaluating her sentence. Instead, the prosecution argued that the defendant had committed virtually the entire offense of money laundering on her own, and should serve the full sentence for that crime without a reduction for a mitigating role. The district court agreed with the prosecution and refused to reduce the sentence under the mitigating role provision of the Sentencing Guidelines. In its discussion of its reasoning for rejecting the defendant's arguments, the district court stated:
 
 
 4
 The Defendant has been convicted only of money laundering and is not being held responsible for the entirety of her husband's drug trafficking activities. If the defendant were being held responsible for the entirety of her husband's drug trafficking activities, then clearly she would be entitled to an adjustment for her role in the offense ... [But] the Defendant is equally culpable with her husband with respect to the instant offense of money laundering.
 
 
 5
 (J.A. at 14). The defendant now appeals this refusal to apply the Mitigating Role provisions of the Sentencing Guidelines.
 
 I.
 
 6
 Initially, we note that the district court did not enhance the defendant's sentence under the Relevant Conduct provisions. See U.S.S.G. Sec. 1B1.3(a)(1). Thus the district court did not find that the defendant had participated in any additional activity in connection with her husband's drug trafficking operation which would justify increasing the sentence beyond that warranted for laundering $5,000.
 
 
 7
 The "Role in the Offense" part of the Guidelines consists of three subparts; we are concerned only with the Mitigating Role subpart which provides for reductions in the offense level of two to four levels if the defendant played a "minor" or "minimal" role in the offense.[1] U.S.S.G. Sec. 3B1.2. The defendant's argument rests primarily on a 1990 amendment to the Introductory Commentary that applies to all the "Role in the Offense" provisions. That Commentary provides:
 
 
 8
 This Part provides adjustments to offense level based upon the role the defendant played in committing the offense. The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of Sec. 1B1.3 (Relevant Conduct), i.e. all conduct included under Sec. 1B1.3(a)(1)-(4), and not solely on the basis of elements and acts cited in the count of conviction.
 
 
 9
 U.S.S.G. Part 3B, Introductory Commentary. This Commentary applies to the mitigating role section. See United States v. Webster, 996 F.2d 209, 211 n. 3 (9th Cir.1993) (listing cases applying Commentary in other Circuits); United States v. Caballero, 936 F.2d 1292 (D.C.Cir.1991) (applying Commentary to mitigating role section). The Commentary suggests that a court should consider the broader scope of criminal conduct rather than only the offense of conviction. Thus, the defendant in this case contends that this commentary requires the district court to consider the entire drug trafficking operation conducted by her husband. When viewed from this perspective, the defendant correctly asserts her crime of laundering $5,000 is a relatively minor offense. This argument--that a larger conspiracy not taken into account in establishing the base level offense, should be included for the purposes of the mitigating role evaluation--has been addressed by only one other court. United States v. Olibrices, 979 F.2d 1557 (D.C.Cir.1992). We agree with the Olibrices court that the defendant's argument must fail.
 
 
 10
 The district court here did not find any relevant conduct to boost the defendant's offense level when determining the base level offense. So, in effect the defendant asks the court only to include relevant conduct when it benefits her cause, but not when it would result in increasing her sentence. The Olibrices court observed that such a ruling "would produce the absurd result that a defendant involved both as a minor participant in a distribution scheme of which she was not convicted, and as a major participant in a smaller scheme for which she was convicted, would receive a shorter sentence than a defendant involved solely in the smaller scheme." Olibrices, 979 F.2d at 1560. A sentencing court must either find that there is relevant conduct beyond the offense of conviction to take into account for the purposes of sentencing, or that there is not. To hold that relevant conduct does not exist for the purposes of establishing a base level offense, and that it does for the purposes of mitigation would require a court to make inconsistent findings of fact. This conclusion is buttressed by the Application Notes to the Mitigating Role subpart:
 
 
 11
 If a defendant has received a lower offense level by virtue of having been convicted of an offense significantly less serious than warranted by his actual criminal conduct, a reduction for a mitigating role under this section ordinarily is not warranted because such defendant is not substantially less culpable than a defendant whose only conduct involved the less serious offense.
 
 
 12
 U.S.S.G. Sec. 3B1.2, Application Note 4. Consequently, we hold that the district did not err in denying the defendant a mitigating role reduction.
 
 II.
 
 13
 The defendant argues in the alternative that she was convicted of an offense more serious than her actual conduct and is entitled to a mitigating role adjustment. She argues that even though she was convicted of money laundering, her actual conduct amounted to aiding and abetting distribution of $10,000 of marijuana, or distribution of $10,000 of marijuana, both of which carry lesser sentences than money laundering. Assuming that this is true, the proper inquiry here is what role the defendant played in the crime for which she was actually convicted. The district court found "by a preponderance of the evidence that the Defendant is equally culpable with her husband with respect to the instant offense for money laundering." (J.A. at 14). A district court's factual findings such as those related to her role in the offense are reviewed under the clearly erroneous standard. United States v. Phibbs, 999 F.2d 1053, 1075-76 (6th Cir.1993). To be clearly erroneous " 'a decision must strike us as more than just maybe or probably wrong; it must ... strike us as wrong with the force of a five-week-old, unrefrigerated dead fish.' " Id. (quoting Parts and Elec. Motors, Inc. v. Sterling Elec., Inc., 866 F.2d 228, 233 (7th Cir.1988), cert. denied, 493 U.S. 847 (1989)). The "dead fish" rule is not violated here. The evidence does suggest that the defendant played the dominant role in contacting her husband's associates and collecting money from them.
 
 
 14
 Finally, the defendant argues compellingly that her crime is not a "heartland" money laundering offense. She contends, therefore, that she should be entitled to a downward departure. See U.S.S.G. Ch. 1, Part A, 4(b); U.S.S.G. Sec. 5K2.0. But, the defendant's lawyer neglected to present the "heartland" argument to the district court. Therefore, the defendant has waived this argument.
 
 
 15
 The sentence imposed by the district court is AFFIRMED.
 
 
 
 [1]
 The Mitigating Role subpart provides:
 Based on the defendant's role in the offense, decrease the offense level as follows:
 (a) If the defendant was a minimal participant in any criminal activity, decrease by 4 levels.
 (b) If the defendant was a minor participant in any criminal activity, decrease by 2 levels.
 In cases falling between (a) and (b), decrease by 3 levels.
 U.S.S.G. Sec. 3B1.2.