_____

No. 95-2179
_____

United States of America,      *
                               *
          Appellee,            *
                               *   Appeal from the United States
     v.                        *   District Court for the
                               *   District of Nebraska.
David S. Campbell,             *        [UNPUBLISHED]
                               *
          Appellant.           *
_____

          Submitted:  November 22, 1995

              Filed:  November 30, 1995
_____

Before WOLLMAN, MAGILL, and HANSEN, Circuit Judges.
_____

PER CURIAM.

     David S. Campbell appeals the 18-month sentence imposed by the
district court[1] after he pleaded guilty to distributing methamphetamine,
in violation of 21 U.S.C. § 841(a)(1).  We affirm.

     The government charged Campbell, his cousin, and a third person with
conspiring to distribute and possess with intent to distribute 100 grams
or more of methamphetamine and 1 kilogram or more of a mixture or substance
containing a detectable amount of methamphetamine.  The government also
charged Campbell with distributing methamphetamine on July 7, 1994, in
furtherance of the conspiracy.  At his cousin's request, Campbell delivered
almost one ounce of methamphetamine to a third party for $600 and wired the
money via Western Union to his cousin.  Campbell asserted he did so as a
favor because he felt sorry for his cousin; Campbell did not profit from
this transaction.

_____

     [1]The Honorable Richard G. Kopf, United States District Judge
for the District of Nebraska.

Campbell pleaded guilty to the distribution charge in return for the government's dismissal of the conspiracy charge. The presentence report contained a recommendation for a 4-level minimal-participant reduction under U.S.S.G. § 3B1.2. The government conceded, for relevant-conduct purposes, that only the drugs delivered on July 7 were attributable to Campbell as part of the conspiracy, but objected to a section 3B1.2 reduction.

Applying United States v. Lucht, 18 F.3d 541, 555-56 (8th Cir.), cert. denied, 115 S. Ct. 363 (1994), and United States v. Olibrices, 979 F.2d 1557, 1560 (D.C. Cir. 1992), the district court concluded Campbell was not entitled to the role reduction, because the only relevant conduct attributable to Campbell was the July 7 methamphetamine delivery, and granting the reduction would allow Campbell to reap a benefit in addition to that gained by pleading guilty to the distribution charge instead of the conspiracy charge. The district court also declined to award the reduction based on Campbell's role in the July 7 delivery, concluding his role was not minimal compared to the average participant, nor was he a "courier" as described in section 3B1.2, comment. (n.2).

On appeal, Campbell argues he was entitled to the reduction because his conduct fit within the examples described in section 3B1.2. He also contends Lucht and Olibrices are inapplicable because he did not benefit by pleading guilty to the distribution count.

We agree Lucht and Olibrices are not dispositive, as Campbell did not benefit by pleading guilty to the distribution charge. Campbell was convicted of an offense which accurately reflected his criminal conduct, and he was not assigned a lower offense level as a result of pleading guilty to the distribution charge instead of the conspiracy charge, given the government's concession that the relevant conduct for which he could be held accountable consisted solely of the July 7 distribution. Cf. Lucht, 18 F.3d at 555-56;

<u>Olibrices</u>, 979 F.2d at 1560.  Nonetheless, we conclude the district court properly denied the reduction.

We review for clear error the district court's determination of Campbell's role in the offense.  <u>See</u> <u>Lucht</u>, 18 F.3d at 555.  A four-level reduction may be granted where, "based on the defendant's role in the offense . . . the defendant was a minimal participant," but such reductions are to be used infrequently.  U.S.S.G. § 3B1.2(a) & comment. (n.2.)  The defendant's role in the offense includes all relevant conduct and is not limited to the acts underlying the count of conviction.  <u>Lucht</u>, 18 F.3d at 556.

Here, the applicable relevant conduct consisted solely of Campbell's actions in the July 7 distribution.  While Campbell may have delivered the drugs and forwarded the money to his cousin as a favor and did not profit from the transaction, we do not believe the district court clearly erred in finding Campbell was not less culpable than the average participant. "Participants in the distribution of drugs often have distinct and independently significant roles," and Campbell agreed to participate fully in distributing the methamphetamine.  <u>See</u> <u>United States v. Ellis</u>, 890 F.2d 1040, 1041 (8th Cir. 1989) (per curiam) (one "`may be a courier without being substantially less culpable than the average participant'"); <u>see also</u> U.S.S.G. § 3B1.2, comment. (n.1 & backg'd.) (reduction reserved for defendant plainly among least culpable of those involved in conduct of group and whose role in committing offense makes him substantially less culpable than average participant); <u>cf.</u> <u>United States v. Lampkins</u>, 47 F.3d 175, 180-81 (7th Cir.) (rejecting contention defendant was entitled to reduction based on role in conspiracy, where he was sentenced only for drugs he handled, and stating "it makes no sense to claim that one is a minor participant in one's own conduct"), <u>cert. denied</u>, 115 S. Ct. 1440, 1810 (1995).

Accordingly, the judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.