**UNITED STATES of America, Appellee**

v.

**Roscoe E. MINNS, Appellant.**

**No. 12–3048.**

United States Court of Appeals, District of Columbia Circuit.

Nov. 5, 2013.

Elizabeth Trosman, Esquire, Chrisellen Rebecca Kolb, Ronald C. Machen, Jr., Esquire, USAO Appellate Counsel, U.S. Attorney's Office, Washington, DC, for Appellee.

Sylvia Royce, Law Office of Sylvia Royce, Washington, DC, for Appellant.

Before: ROGERS, Circuit Judge, and WILLIAMS and GINSBURG, Senior Circuit Judges.

### *JUDGMENT*

PER CURIAM.

This appeal from a judgment of the United States District Court for the District of Columbia was presented to the court and briefed by counsel. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* D.C.Cir. R. 36(d). For the reasons presented in the accompanying memorandum, it is

**ORDERED and ADJUDGED** that the judgment of conviction by the district court be affirmed.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* FED. R.APP. P. 41(b); D.C.Cir. RULE 41.

### *MEMORANDUM*

Appellant challenges his sentence on the ground that the district court erred in denying his request for a downward adjustment under Sentencing Guidelines § 3B1.2(b) for a minor role in the charged conspiracy. For a district court to grant a downward adjustment under § 3B1.2(b), the evidence must show "that the 'relevant conduct' for which the defendant would, within the meaning of section 1B1.3(a)(1), be otherwise accountable involved more than one participant," and "that the defendant's culpability for such conduct was relatively minor compared to that of the other participant(s)." *U.S. v. Caballero*, 936

F.2d 1292, 1299 (D.C.Cir.1991). The minor role inquiry thus focuses on the defendant's culpability for the relevant conduct, not the offense charged or the offense of conviction. *In re Sealed Case*, 349 F.3d 685, 692 (D.C.Cir.2003); *U.S. v. Graham*, 317 F.3d 262, 272 (D.C.Cir.2003); *U.S. v. Olibrices*, 979 F.2d 1557, 1560 (D.C.Cir. 1992).

On June 16, 2011, appellant was charged with one count of conspiracy to distribute and possess with intent to distribute 5 kilograms or more of cocaine in violation of 21 U.S.C. § 846. Thirteen co-defendants were also charged with various offenses. On January 24, 2012, appellant pleaded guilty to a lesser included offense of one count of conspiracy to distribute and possess with intent to distribute 500 grams or more of cocaine. The plea agreement specified that for purposes of relevant conduct for sentencing, appellant would be accountable for at least 2 kilograms but less than 3.5 kilograms of cocaine. It also stated that this 2 to 3.5 kilograms represented "the total amount involved in [appellant's] relevant criminal conduct, including amounts [he] distributed or possessed with intent to distribute and amounts distributed or possessed with intent to distribute by co-conspirators. . . ." At the plea hearing, the district court confirmed with the government, defendant's counsel, and appellant that the 2 to 3.5 kilograms represented only the amount involved in appellant's own conduct with his supplier, William Bowman, and not the amount involved in the broader conspiracy. The district court reiterated this finding at the sentencing hearing. With the plea agreement so construed, appellant was, in effect, ineligible for a minor role adjustment. To apply the adjustment, the district court would have needed to find that appellant's culpability for his individual transactions with Bowman was relatively minor compared to that of any other participants in those transactions, *Caballero*, 936 F.2d at 1299, and the only other participant was Bowman. The district court's comparison of appellant's role in the broader conspiracy with that of his codefendants was, therefore, irrelevant. Any error inured to appellant's benefit, however, and is not grounds for a remand for resentencing. The district court reasonably determined that appellant had not met his burden to demonstrate that he was a minor participant in the conspiracy involving 5 kilograms or more of cocaine with which he was charged. *See U.S. v. White*, 1 F.3d 13, 18 (D.C.Cir.1993). Having failed to demonstrate that he had a minor role in the broader conspiracy, appellant could not have a minor role with respect to his relevant conduct involving 2 to 3.5 kilograms, which represented only his individual transactions with Bowman.

Appellant's other challenges to the district court's determination fail. First, his complaint that the district court did not discuss a change in the language of the Application Notes for Sentencing Guidelines § 3B1.2 is raised for the first time on appeal and he cannot show plain error. *U.S. v. Locke*, 664 F.3d 353, 357 (D.C.Cir. 2011). The district court stated at the sentencing hearing that it had reviewed § 3B1.2(b) and the Application Notes, and appellant points to no authority requiring explicit discussion of any changes in the Guidelines. Appellant fails to explain how the district court's failure to discuss this change "affects [his] substantial rights" or "seriously affect[s] the fairness, integrity, or public reputation of judicial proceedings." *Locke*, 664 F.3d at 357 (internal quotation marks omitted).

Appellant's second challenge rests on a misreading of the record. He claims that "the district court repeatedly expressed the view that there was not enough information before it to rule on appellant's re-

quest for minor participant treatment" and faults the government for failing to give the district court more information about his role. Appellant's Br. 15. Although the district court observed on several occasions that it had limited facts available, it did not say that it had insufficient information to rule. Instead, it found that the appellant had not met his burden of proof. The government refutes the suggestion that it withheld relevant evidence by noting that the government had provided substantially all discovery before the sentencing hearing and that appellant has not identified any new facts that the district court should have considered.

Finally, appellant's claim that the district court erred in comparing him to his co-conspirators, rather than to all persons participating in similar crimes is raised for the first time on appeal and he fails to show plain error. *Locke*, 664 F.3d at 357. For purposes of the minor role Guidelines provision, the district court should determine whether "the defendant's culpability for [the relevant] conduct was relatively minor compared to that of *the other participant(s)*." *Caballero*, 936 F.2d at 1299 (emphasis added). *See also U.S. v. Mejia*, 597 F.3d 1329, 1343 (D.C.Cir.2010). Although the district court considered participants in the broader conspiracy rather than only participants in the transactions represented in the 2 to 3.5 kilogram relevant conduct amount for which appellant was responsible, it correctly looked to the circumstances of the conspiracy at issue and not to all similar crimes. Having benefitted from the district court's irrelevant comparison, appellant not only fails to show plain error, he fails to demonstrate how he would have benefitted from the use of the alternate methodology he proposes. *Locke*, 664 F.3d at 357.