# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
July 8, 2022

Lyle W. Cayce
Clerk

No. 21-40518

United States of America,

*Plaintiff—Appellee*,

*versus*

Jorge Alfonso Estrada-Marroquin,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:20-CR-588-1

Before Richman, *Chief Judge*, and Ho and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Jorge Estrada-Marroquin pleaded guilty to one count of importing 500 grams or more of a mixture or substance containing methamphetamine. At sentencing, the district court denied a mitigating-role adjustment under United States Sentencing Guideline § 3B1.2. We conclude that denial was

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

not clearly erroneous and the court adequately explained the factual basis for its decision. We remand, however, to allow the district court to correct a clerical error in its final judgment.

## I

Customs and Border Patrol agents caught Estrada-Marroquin smuggling twenty-two kilograms of a substance containing methamphetamine across the United States-Mexico border. The agents discovered multiple trap-door compartments in Estrada-Marroquin's vehicle in which forty plastic-wrapped packages of methamphetamine were secreted. Although the vehicle was registered to Estrada-Marroquin, he said that he received it from an individual named Guero. Guero had told Estrada-Marroquin to share his GPS location, drive to San Antonio, and await further instructions.

Estrada-Marroquin told the agents that, while he was in a Mexican prison for tax evasion, he met Alejandro Ruedas, a member of the Zetas drug cartel. He agreed to work for Ruedas upon his release from custody. Estrada-Marroquin later changed his mind, but he said that the Zetas threatened his family, so he took money from the cartel to open a carwash and to drive various vehicles into the United States. Previously, Estrada-Marroquin explained, the cartel had directed him to make a delivery in Houston. Estrada-Marroquin believed he was transporting narcotics, though he was assured it was only money. When he returned to Mexico, the cartel paid Estrada-Marroquin approximately $2,500 for the delivery.

A grand jury charged Estrada-Marroquin in a four-count indictment. Count Two was for "import[ing] ... 500 grams or more, that is, approximately 22 kilograms of a mixture or substance containing a detectable amount of methamphetamine." Estrada-Marroquin pleaded guilty to that count. In exchange, the Government recommended the dismissal of the

other three counts and a two-level reduction under the Guidelines for acceptance of responsibility. The district court accepted his plea, found him guilty, and ordered a presentence investigation report (PSR).

The PSR calculated Estrada-Marroquin's initial total offense level at thirty-eight and recommended against a mitigating-role adjustment under § 3B1.2. Estrada-Marroquin objected to that recommendation. He asserted that he was less culpable than the average participant in the crime because he was only a transporter, acted under the direction of others, did not own the drugs, and stood to gain only a small percentage of the drugs' street value. The probation office agreed that Estrada-Marroquin was only a transporter but maintained its position that a § 3B1.2 adjustment should not apply. It emphasized Estrada-Marroquin's history working with the Zetas cartel, including his previous delivery to Houston.

At sentencing, the district court denied Estrada-Marroquin's request for the adjustment. The court "d[id] not believe that the facts that are in the Presentence Investigation Report support [an adjustment]" and maintained that the defendant was "just an average participant in this case." After a three-level reduction for acceptance of responsibility pursuant to § 3E1.1, the district court determined Estrada-Marroquin's final total offense level to be thirty-five. It sentenced Estrada-Marroquin to 168 months of imprisonment, within the Guidelines range. Estrada-Marroquin objected "due to the [c]ourt not articulating why Mr. Estrada-Marroquin was just as culpable as the average participant." The court noted the objection but did not elaborate. Estrada-Marroquin appealed to this court.

## II

Estrada-Marroquin raises three challenges. First, he argues that the district court clearly erred in denying him a mitigating-role adjustment. Second, he argues that the district court failed to articulate the factual basis

for its denial of the adjustment. Third, he requests a limited remand to correct a clerical error in the district court's final judgment.

## A

We begin with the argument that the district court clearly erred in denying a mitigating-role adjustment. Section 3B1.2 provides for a two-level decrease in an offense level if the defendant's role in the criminal activity was "minor," a four-level decrease if his or her role was "minimal," and a three-level decrease in "cases falling between" the two.[1] A "minor" participant is one "who is less culpable than most other participants in the criminal activity, but whose role could not be described as minimal."[2] A "minimal" participant is one who is "plainly among the least culpable of those involved in the conduct of a group" and who shows a "lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others."[3]

"We review the district court's interpretation and application of the [G]uidelines *de novo* and its factual finding that [Estrada-Marroquin] was neither a minor nor minimal participant for clear error."[4] "The latter will not be deemed clearly erroneous if 'plausible in light of the record as a whole.'"[5] For a § 3B1.2 adjustment to apply, we have "repeatedly" explained that defendants must "at best" be "peripheral to the advancement

---

[1] U.S. Sent'g Guidelines Manual § 3B1.2 (U.S. Sent'g Comm'n 2015).

[2] § 3B1.2 cmt. n.5.

[3] § 3B1.2 cmt. n.4.

[4] *United States v. Bello-Sanchez*, 872 F.3d 260, 263 (5th Cir. 2017).

[5] *Id.* (quoting *United States v. Villanueva*, 408 F.3d 193, 203 (5th Cir. 2005)).

of the illicit activity," as it is improper to grant the adjustment "simply because a defendant d[id] less than the other participants."[6]

The defendant bears the burden to establish that a mitigating-role adjustment is warranted.[7]   Estrada-Marroquin must show by a preponderance of the evidence "(1) the culpability of the average participant in the criminal activity[,] and (2) that [he] was substantially less culpable than that participant."[8]  To assess relative culpability, courts engage in a "totality of the circumstances" inquiry "that is heavily dependent upon the facts of the particular case."[9]  We examine a list of five non-exhaustive factors:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.[10]

---

[6] *United States v. Castro*, 843 F.3d 608, 613-14 (5th Cir. 2016) (quoting *United States v. Thomas*, 932 F.2d 1085, 1092 (5th Cir. 1991)).

[7] *Bello-Sanchez*, 872 F.3d at 263.

[8] *Castro*, 843 F.3d. at 613 (footnote omitted).

[9] U.S. Sent'g Guidelines Manual § 3B1.2 cmt. n.3(C) (U.S. Sent'g Comm'n 2015).

[10] *Id.*

No. 21-40518

When the § 3B1.2 factors present a "mixed bag," we have affirmed the denial of a mitigating-role adjustment.[11]   In *United States v. Bello-Sanchez*,[12] for example, the defendant understood that she was illegally importing methamphetamine into the United States, and she was paid for her participation in the criminal activity.[13]   On the other hand, no evidence suggested that the defendant participated in planning or organizing the criminal activity, or that she exercised decision-making authority.[14]   We determined that the district court's denial of a § 3B1.2 adjustment was not clearly erroneous because "the factors support[ed] a plausible judgment in either direction."[15]

Here the § 3B1.2 factors cut both ways, too.  On one hand, Estrada-Marroquin knowingly agreed to work with a member of the Zetas drug cartel. He accepted payment from the cartel to open a carwash and to drive vehicles into the United States, so he stood to benefit from the crime.  He also previously drove a vehicle into the United States that he suspected contained narcotics, so he was aware of the cartel's drug-trafficking operations. Estrada-Marroquin argues that he played "a very small role in th[e] larger drug scheme."  That may be true, but the relevant crime is Estrada-Marroquin's importing twenty-two kilograms of a substance containing methamphetamine, not a larger drug conspiracy.[16]  As the transporter of all

---

[11] *Bello-Sanchez*, 872 F.3d at 264; *see also United States v. Torres-Hernandez*, 843 F.3d 203, 209-10 (5th Cir. 2017) (affirming the denial of a § 3B1.2 mitigating-role adjustment because several factors favored an adjustment while others did not).

[12] 872 F.3d 260.

[13] *Id.* at 264.

[14] *Id.*

[15] *Id.* at 264-65.

[16] *United States v. Stanford*, 823 F.3d 814, 852 (5th Cir. 2016) ("[W]hen a sentence is based on an activity in which a defendant was actually involved, § 3B1.2 does not require

No. 21-40518

twenty-two kilograms, Estrada-Marroquin was integral to the commission of his convicted offense.

On the other hand, the cartel supplied Estrada-Marroquin with his vehicle. He did not know exactly where in the United States he ultimately was supposed to drive. The cartel only told him to share his GPS location, drive to San Antonio, and await further instructions. These facts suggest that Estrada-Marroquin did not participate in planning or organizing the criminal activity and did not exercise significant decision-making authority. It is also unclear exactly how much the defendant would benefit from the crime, although he was paid $2,500 for his previous delivery.

Because the § 3B1.2 factors support a plausible judgment in either direction, we cannot say that the district court clearly erred in denying Estrada-Marroquin a mitigating-role adjustment.[17]

**B**

We turn to Estrada-Marroquin's argument that the district court failed to articulate the factual basis of its decision to deny the mitigating-role adjustment. Under *United States v. Melton*,[18] if a defendant "request[s] that the court articulate the factual basis for the court's finding and the reasons for refusing the reduction, . . . [t]he sentencing court must state for the

---

a reduction . . . even though the defendant's activity in a larger conspiracy may have been minor or minimal" (quoting *United States v. Atanda*, 60 F.3d 196, 199 (5th Cir. 1995) (per curiam))); *Atanda*, 60 F.3d at 199 ("To take the larger conspiracy into account only for purposes of making a downward adjustment in the base level would produce the absurd result that a defendant involved both as a minor participant in a larger . . . scheme for which [he] was not convicted, and as a major participant in a smaller scheme for which [he] was convicted, would receive a shorter sentence than a defendant involved solely in the smaller scheme." (quoting *United States v. Olibrices*, 979 F.2d 1557, 1560 (D.C. Cir. 1992))).

[17] *See United States v. Bello-Sanchez*, 872 F.3d 260, 264-65 (5th Cir. 2017).

[18] 930 F.2d 1096 (5th Cir. 1991).

7

No. 21-40518

record the factual basis upon which it concludes that a requested reduction for minor participation is, or is not, appropriate."[19]  We have, however, "rejected the proposition that a court must make a catechismic regurgitation of each fact determined."[20]  "[I]nstead, we have allowed the district court to make implicit findings by adopting the PSR."[21]

In *United States v. Johnson*,[22] we held that the district court did not need to "specifically elucidate the factual basis for finding [the defendant] to be an average participant."[23]  At sentencing, the judge "conclud[ed] based on a preponderance of the evidence that has a sufficient indicia [sic] of reliability to support its probable accuracy that the defendant was not a minor participant in the criminal activity in question."[24]  We reasoned that it was clear from that statement that the judge was referencing the PSR's findings, and that was adequate under *Melton*.[25]

Here the district court relied on the PSR's factual findings to deny the mitigating-role adjustment, satisfying *Melton*.  At sentencing, the district court judge stated that "I do not believe that the facts that are in the Presentence Investigation Report support [a role adjustment]," and "the

---

[19] *Id.* at 1099.

[20] *United States v. Gallardo-Trapero*, 185 F.3d 307, 324 (5th Cir. 1999) (internal quotation marks omitted) (quoting *United States v. Carreon*, 11 F.3d 1225, 1230 (5th Cir. 1994)).

[21] *Id.* (quoting *Carreon*, 11 F.3d at 1230); *see also United States v. Garcia*, 86 F.3d 394, 401 (5th Cir. 1996) ("The district court can implicitly make such findings by adopting the presentence report.").

[22] No. 92-1872, 1993 WL 309730 (5th Cir. May 3, 1993) (unpublished yet precedential under 5TH CIR. R. 47.5.3).

[23] *Id.* at *3.

[24] *Id.*

[25] *Id.*

Court believes that you are just an average participant in this case." The court also indicated that it had "consider[ed] everything that ha[d] been presented," which included the PSR as well as Estrada-Marroquin's objections and arguments. Finally, the court explicitly adopted the PSR. Accordingly, the court adequately articulated the factual basis for its denying the mitigating-role adjustment.

## C

Lastly, we address Estrada-Marroquin's request for a remand with instructions to correct a clerical error in the district court's final judgment. No one disputes that the judgment contains an error. It describes Estrada-Marroquin's offense of conviction as "[i]mporting 500 grams or more, that is, approximately 22 kilograms of methamphetamine." Count Two of the indictment, however, charged Estrada-Marroquin with "import[ing] . . . 500 grams or more, that is, approximately 22 kilograms of *a mixture or substance containing a detectable amount of* methamphetamine." That is the offense to which Estrada-Marroquin pleaded guilty. We have routinely remanded cases with clerical errors for the limited purpose of correcting those errors under Federal Rule of Criminal Procedure 36.[26] We do so again here.

\*    \*    \*

The district court did not clearly err in denying Estrada-Marroquin a mitigating-role adjustment and adequately explained the factual basis of its denial. We REMAND, however, for the limited purpose of correcting the clerical error in the final judgment.

---

[26] *See, e.g.*, *United States v. Perez-Melis*, 882 F.3d 161, 168 (5th Cir. 2018); *see also* FED. R. CRIM. P. 36 ("After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission.").