UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 94-20736
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

KAMORU ATANDA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Texas

_____

(July 24, 1995)

Before JONES, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:

Contending that, pursuant to § 3B1.2 of the Sentencing
Guidelines, he was entitled to a downward adjustment in his offense
level because of his claimed minimal or minor role in a conspiracy,
Kamoru Atanda appeals his sentence. We **AFFIRM**.

I.

Atanda pleaded guilty to: (1) conspiracy to defraud the United
States by obtaining, and aiding in obtaining, the payment of false
claims, in violation of 18 U.S.C. § 286; and, (2) making and filing
false, fictitious or fraudulent claims against the United States,
or causing others to do so, in violation of 18 U.S.C. §§ 287 and 2.

The basis of the indictment was a massive conspiracy to file
false 1990 income tax returns; approximately 558 false returns were

filed, with the amount of claimed refunds totalling approximately $1.6 million. Atanda's role in the conspiracy consisted primarily of recruiting individuals to pose as taxpayers, assisting them in filing false returns, applying for refund anticipation loans, and cashing the refund checks. He also filed a false income tax return in his own name, and obtained a refund of $2,944.

The presentence investigation report recommended that, based on the act of filing a false tax return in his own name, Atanda receive a base offense level of six; a one-level increase for the loss of $2,944; a two-level increase for obstruction of justice because he failed to appear for trial; and, a two-level increase because the offense involved more than minimal planning. Atanda objected, seeking a § 3B1.2 reduction in his offense level on the basis that he had a minimal, or, alternatively, minor role in the offense. The district court found that Atanda's role in filing the false return in his own name was not minimal or minor, and denied his reduction request. It stated:

> I find that the conclusion reached in the Presentence Report is the proper one under the law. If Mr. Atanda is, as the Court has ruled, responsible only for one tax return, as to that one tax return, he is neither a minimal nor a minor player. And, therefore, it is the judgment of the Court that your objection must be overruled.**[6 R 3]**
>
> ....
>
> [The Court] also recognizes that you did have a limited role in the overall conspiracy although with regard to the one tax return, a significant role.

The court sentenced Atanda to, *inter alia*, 12 months imprisonment on each count, with the sentences to be served concurrently.

- 2 -

Atanda contends that the district court misapplied the guidelines in refusing to grant a § 3B1.2 reduction, maintaining that the district court misapplied the guidelines by considering only his conduct of filing a false return in his own name, instead of considering his role in the overall conspiracy in comparison to his co-conspirators. This is an issue of first impression in our circuit.

A sentence imposed under the guidelines will be upheld if it is the result of the correct application of the guidelines to factual findings that are not clearly erroneous. *E.g.*, **United States v. Zuniga**, 18 F.3d 1254, 1261 (5th Cir.), *cert. denied*, 115 S. Ct. 214 (1994). Of course, we subject the application of the guidelines to plenary review. *E.g.*, **United States v. Cheramie**, 51 F.3d 538, 542 (5th Cir. 1995).

Section 3B1.2 provides that a district court must reduce a defendant's offense level by four levels if it determines that he is a minimal participant in the offense for which he was convicted, or by two levels if the defendant was a minor participant. U.S.S.G. § 3B1.2; **United States v. Gadison**, 8 F.3d 186, 197 (5th Cir. 1993). The defendant bears the burden of proving that his role in the offense was minor or minimal. *E.g.*, **United States v. Brown**, 7 F.3d 1155, 1160 n.2 (5th Cir. 1993). In making the determination, the court must take into account the broad context

of the defendant's crime.  *United States v. Buenrostro*, 868 F.2d 135, 138 (5th Cir. 1989), *cert. denied*, 495 U.S. 923 (1990).[1]

In pleading guilty to two counts, Atanda admitted not only his involvement in the overall conspiracy, but also filing a false tax return in his own name.  The thirty-third count of the superseding indictment provided:

> On or about April 16, 1991, defendant[] KAMORU ATANDA, [and three other defendants] knowingly made and presented to the IRS ... a claim against the United States ... by preparing, or causing to be prepared, and filing or causing to be filed a fraudulent federal income tax return in the name of Kamoru Atamada claiming a refund in the amount of $2,944.00
>
> All in violation of 18 U.S.C. §§287 and 2.

Thus, the second count to which Atanda pleaded guilty involved the filing of a tax return in his own name.[2]

Atanda's contention that he was entitled to a downward adjustment fails to acknowledge his participation in filing this return.  Relying upon this return, as opposed to his involvement in the conspiracy, takes into consideration the fact that Atanda was

---

[1]    A defendant should be considered a minor participant if he is "less culpable than most other participants, but [his] role could not be described as minimal."  U.S.S.G. § 3B1.2, comment. (n.3). A defendant is not entitled to a minor participant reduction unless he is substantially less culpable than the average participant. *Gadison*, 8 F.3d at 197 (quoting *Buenrostro*, 868 F.2d. at 138 (quoting U.S.S.G. § § 3B1.2, comment. (backg'd.))).  However, the fact that other co-defendants were more culpable does not automatically qualify a defendant for either minor or minimal participant status.  *See United States v. Thomas*, 963 F.2d 63, 65 (5th Cir. 1992).

[2]    Atanda filed the claim using a social security number issued previously to him, but with the name misspelled, as evidenced by the variation of Atanda's name in the indictment.

not involved in most of the transactions associated with the overall conspiracy.  As a result, the amount of the loss utilized in calculating Atanda's offense level was only the $2,944 for his claim, not the $1.6 million accumulated claims of the conspiracy.

> To take the larger conspiracy into account only for purposes of making a downward adjustment in the base level would produce the absurd result that a defendant involved both as a minor participant in a larger ... scheme for which [he] was not convicted, and as a major participant in a smaller scheme for which [he] was convicted, would receive a shorter sentence than a defendant involved solely in the smaller scheme.

*United States v. Olibrices*, 979 F.2d 1557, 1560 (D.C. Cir. 1992). We join the other circuits that have addressed this issue, and conclude that when a sentence is based on an activity in which a defendant was actually involved, § 3B1.2 does not require a reduction in the base offense level even though the defendant's activity in a larger conspiracy may have been minor or minimal. *See United States v. Lampkins*, 47 F.3d 175, 180-81 (7th Cir.), *cert. denied*, 115 S. Ct. 1440 and 115 S. Ct. 1810 (1995); *United States v. Lucht*, 18 F.3d 541, 555 (8th Cir.), *cert. denied*, ___ U.S. ___, 115 S. Ct. 363 (1994); *Olibrices*, 979 F.2d at 1561.

### III.

For the foregoing reasons, the sentence is

**AFFIRMED.**