IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-21159
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSÉ ANGEL AGUIRRE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-98-CR-241-1
--------------------

August 24, 1999

Before KING, Chief Judge, and DAVIS and SMITH, Circuit Judges.

PER CURIAM:[*]

José Angel Aguirre, pleaded guilty to three-counts of an
indictment charging him with conspiracy and knowingly possessing
counterfeit immigration documents.  Aguirre argues that the
district court was clearly erroneous in failing to award him a
downward adjustment under the sentencing guidelines because he
was a minor participant in the offense.  Aguirre asserts that he
was simply a runner in the counterfeit immigration document
scheme.  We review the sentencing court's determination that a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

defendant did not play a minor or minimal role in the offense for clear error. United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994).

Aguirre's only argument is that he is entitled to the minor-participant reduction because he had no responsibilities other than as a runner. The undisputed facts show that Aguirre was more than a mere runner who simply acted as a courier of illicit goods. He negotiated the deals, gathered information, collected money, and delivered the goods. The district court did not clearly err in finding that Aguirre's role was not minor considering the "broad context" of the offense. See United States v. Atanda, 60 F.3d 196, 198 (5th Cir. 1995).

AFFIRMED.