**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 99-50197
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

YOLANDA SUE STOKES,

Defendant-Appellant.

Appeal from the United States District Court
for the Western District of Texas
(EP-98-CR-680-ALL-DB)

September 23, 1999

Before POLITZ, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Yolanda Sue Stokes appeals her sentence following her conviction by a jury for importing marihuana and possessing with intent to distribute same, in violation of 21 U.S.C. §§ 952(a), 960(a), 841(a)(1). Stokes contends that the district court clearly erred in finding that she was not a minimal or minor participant.[1] Our review of the relevant record persuades that this finding is not clearly erroneous.

Stokes did not lack knowledge of the smuggling activities of those whom she

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] U.S.S.G. § 3B1.2(a), (b).

implicated in her offense, as required of a minimal participant, and the amount of drugs possessed and imported, 60 pounds, or 27.22 kilograms of marihuana, cannot be characterized as small.[2] The record does not reflect that Stokes was a minor participant, less culpable that the other participants.[3] Stokes played an integral role in transporting to the border the marihuana hidden in the tires and quarter panels of the vehicle. Even if others purchased the marihuana and secreted it in the auto, Stokes alone drove the vehicle 15 miles to the border and attempted to enter the United States. Her participation was necessary to the success of the venture. It is manifest that she has not shown that she was less culpable for the offenses of importation and possession than the others she implicated. Further, considering that only the drugs she actually possessed and imported were attributed to her in calculating her sentence, a reduction for a mitigating role is not warranted.[4]

Stokes also contends that the district court misapplied section 3B1.2 in determining that she was not entitled to a mitigating-role reduction because her statements concerning her knowledge of the hidden marihuana were incomplete and by not appropriately comparing her culpability with that of the other participants. Stokes did not object at sentencing and we review this issue for plain error.[5] The record reflects that the court agreed with the prosecutor that Stokes'

---

[2] Section 3B1.2, comment. (nn.1-2); **United States v. Hare**, 150 F.3d 419 (5th Cir. 1998).

[3] Section 3B1.2, comment. (n.3).

[4] **United States v. Atanda**, 60 F.3d 196 (5th Cir. 1995).

[5] **United States v. Calverley**, 37 F.3d 160 (5th Cir. 1994) (en banc).

2

statements about her knowledge of the marihuana, and of her role in the offense, obviously were self-serving. The sentencing court need not accept the defendant's self-serving account of her role in a drug organization.[6]  Accordingly, Stokes has not shown that the district court committed any reversible error in applying the sentencing guidelines.

AFFIRMED.

---

[6] **United States v. Buenrostro**, 868 F.2d 135 (5th Cir. 1989); **United States v. Brown**, 54 F.3d 234 (5th Cir. 1995).