**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

No. 00-10742
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RONALD NIXON TOBAR,

Defendant-
Appellant.

- - - - - - - - - - - - - - -- - - - - - - - - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:00-CR-19-2-H
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
April 10, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges:

PER CURIAM:[*]

Ronald Nixon Tobar appeals from his conditional guilty-plea conviction and sentence for

possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and

(b)(1)(A). Tobar argues that the district court erred by denying his motion to suppress the

methamphetamine based on an asserted lack of voluntary consent to search and by refusing to

reduce his offense level by two levels based upon his asserted minor role in the offense. We have

reviewed the record and the briefs of the parties, and we ascertain no reversible error.

In light of the testimony adduced at the suppression hearing, the district court's analysis of

the six-factor test announced in <u>Schneckloth v. Bustamonte</u>, 412 U.S. 218, 222 (1973),

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was legally correct.  It cannot be said that the district court's finding that Tobar voluntarily consented to the search of the apartment was clearly erroneous or influenced by an incorrect view of the law. See United States v. Shabazz, 993 F.2d 431, 439 (5th Cir. 1993).

Additionally, since Tobar was attributed only the quantity of drugs found in the apartment, his limited involvement in the overall conspiracy had already been taken into account for sentencing purposes and cannot provide the basis for a mitigating-role adjustment.  See United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995).  The district court thus did not err in denying Tobar the downward adjustment for a minor role under U.S.S.G. § 3B1.2 on this basis.

AFFIRMED.