IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-51132
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TIMOTHY ANDRE BAILEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. W-00-CR-51-3
--------------------
June 6, 2002

Before DUHÉ, BARKSDALE, and BENAVIDES, Circuit Judges.

PER CURIAM:[1]

Timothy Andre Bailey has filed an appeal of his conviction and sentence for aiding and abetting a bank robbery in violation of 18 U.S.C. §§ 2, 2113(a) & (d). Bailey argues that the district court abused its discretion in refusing to give an aiding and abetting jury instruction that he requested. In particular, Bailey requested that the district court instruct the jury that the Government must establish that he knew that the principal was going

_____

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to rob a bank. Bailey did not cite any legal authority from this circuit which supports his argument. Because the instruction proposed by Bailey was not a correct statement of the law in the circuit and because the district court's instruction accurately reflected the law and covered the issues presented in the case, the district court did not abuse its discretion in not giving the jury instruction requested by Bailey. See United States v. Chaney, 964 F.2d 437, 444 (5th Cir. 1992).

Bailey also argues that the district court clearly erred in denying a reduction in his offense level pursuant to U.S.S.G. § 3B1.2. He argues that he was entitled such a reduction for his minor role in the offense because he merely provided the vehicle which was used in the bank robbery. The district court did not clearly err in finding that Bailey was not a minor participant, as the evidence established that he was involved in the planning of the robbery, he loaned his vehicle to the persons who actually committed the robbery, he reminded another participant to make a diversionary bomb threat telephone call, and he received some of the proceeds of the robbery in exchange for providing his vehicle. See Burton v. United States, 237 F.3d 490, 504 (5th Cir. 2000); United States v. Atanda, 60 F.3d 196, 198 n. 1 (5th Cir. 1995).

AFFIRMED.