United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 2, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 02-41603

Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ISMAEL PINEDA-GUILLEN,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
(C-02-CR-201-1)
_____

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Ismael Pineda-Guillen appeals from his guilty-plea conviction
and sentence for transporting illegal aliens within the United
States, in violation of 8 U.S.C. § 1324(a)(1)(A)(ii) and
(a)(1)(B)(ii). He argues that the factual basis was insufficient
to establish the requisite mens rea element for his crime of
conviction, thereby rendering his guilty plea involuntary as a

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

matter of constitutional law and constituting a violation of FED. R. CRIM. P. 11(c)(1). As Pineda was driving a vehicle containing a group of illegal aliens, of which he was a member, traveling from Mexico to Houston, Texas, his transportation of those illegal aliens was "in furtherance of the alien's unlawful presence."[1] Regardless of the standard of review that we apply, Pineda's challenges to the voluntariness of his guilty plea fail because the factual basis was sufficient to establish the requisite mens rea element.

Pineda contends that the district court erred by failing to grant him a three-level reduction under U.S.S.G. § 3B1.2 for having a mitigating role in his offense of conviction. Pineda's attempt to minimize his role in the instant offense by alleging that his role was insignificant in light of a larger conspiracy does not warrant a reduction under U.S.S.G. § 3B1.2.[2] He has therefore failed to show that the district court's refusal to grant him this reduction constituted clear error.[3]

Pineda also argues that the district court erred by increasing his sentence under U.S.S.G. § 2L1.1(b)(5) because his offense involved intentionally or recklessly creating a substantial risk of

---

[1] *United States v. Merkt*, 764 F.2d 266, 270-71 (5th Cir. 1985).

[2] *See United States v. Atanda*, 60 F.3d 196, 199 (5th Cir. 1995).

[3] *See Burton v. United States*, 237 F.3d 490, 503 (5th Cir. 2000).

death or serious bodily injury to the illegal aliens he transported. In light of the evidence in the record, the district court's finding that Pineda was aware that illegal aliens were being transported in the trunk of the vehicle he was driving was not clearly erroneous.[4] Based on this finding, application of U.S.S.G. § 2L1.1(b)(5) was warranted.[5]

Accordingly, the district court's judgment is AFFIRMED.

---

[4] *See United States v. Miranda*, 248 F.3d 434, 446 (5th Cir.), *cert. denied*, 534 U.S. 980 (2001).

[5] *See* U.S.S.G. § 2L1.1, comment. (n.6).