**United States Court of Appeals**
**Fifth Circuit**
**F I L E D**

**October 16, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

--------------------
No. 02-41620
--------------------

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

versus

RICHARD TURINCIO,
Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas, Corpus Christi
C-02-CR-170-1
--------------------

Before REAVLEY, HIGGINBOTHAM and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Richard Turincio, Appellant, appeals the sentence imposed by the district court after he

pleaded guilty to possession with intent to distribute methamphetamine. This is a direct appeal

from a final judgment and sentence in a federal criminal case imposed by a federal district court

within this circuit. Jurisdiction to hear this appeal, therefore, is vested in this Court by 28 U.S.C. §

1291 and 18 U.S.C. § 3742.

### I.  Background

The offense for which Appellant pleaded guilty and was sentenced arose out of an

agreement Appellant made with Manuel Flores to allow Flores to store methamphetamine at

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be
published and is not precedent except under the limited circumstances set forth in 5TH CIR. R.
47.5.4.

Appellant's residence in Corpus Christi, Texas. Flores was a member of the Jorge Alcocer methamphetamine distribution organization. The organization, led by Alcocer until his arrest in January 2002, was a conspiracy of approximately twenty individuals who together distributed at least 64 kilograms of methamphetamine from 1998 until Alcocer's arrest. After Alcocer's arrest, Flores, apparently taking on a larger role in the operation, began receiving the shipments of methamphetamine and distributing it to dealers in Corpus Christi.

On May 18, 2002, after being caught by police with $5,000 in drug proceeds, Flores led agents to an apartment in which he stored methamphetamine. In the master bedroom, agents found over 130 grams of d-methamphetamine hydrochloride, the equivalent of 129 grams of pure methamphetamine. Flores told the agents that Appellant, who was residing at the apartment with his sister, was storing the methamphetamine for Flores. In return for storing the methamphetamine for Flores, Appellant was allowed to use some of the methamphetamine himself. Appellant was arrested when he returned to the apartment later that day.

Appellant was charged in a one-count indictment returned in the Southern District of Texas on June 12, 2002. The sole count of the indictment charged that on or about May 18, 2002, Appellant possessed with intent to distribute more than 50 grams of methamphetamine. Appellant pleaded guilty to the charge on August 1, 2002. As part of a written plea agreement, the government agreed to recommend that Appellant be given the maximum credit for acceptance of responsibility.

The United States Probation Office submitted a pre-sentence report ("PSR") and recommendation to the district court prior to the sentencing hearing. *See* Fed. R. Crim. Pro. 32(d) (2003). The probation officer correctly noted that the Guidelines base offense level for the

violation was level 32. *See* U.S.S.G. § 2D1.1(a)(3) (2002). Three levels were subtracted for acceptance of responsibility, bringing the total offense level to 29. *See* U.S.S.G. § 3E1.1 (2002). No other adjustments were made. Appellant's criminal history placed him in category III. *See* U.S.S.G. § 4A1.1 *et seq.* (2002). Neither the government nor Appellant objected to any part of the PSR.

On October 28, 2002, the district court held Appellant's sentencing hearing. In response to questioning by the judge, Appellant indicated, among other things, that he was satisfied with his attorney. The judge also allowed Appellant's wife to address the court.

Mrs. Turincio indicated that she was displeased with the attorney appointed to represent her husband, and that, despite Appellant's statement to the contrary, Appellant was also displeased. The judge questioned Appellant about this assertion. In response, Appellant indicated that he had been confused as to why no one had argued that his Guidelines range should be lowered because he played a minor or minimal role in the offense. The district court observed that had Appellant been charged as a co-conspirator in the larger drug distribution conspiracy with Flores, and accordingly, had a larger amount of contraband been attributed to Appellant, he might have been properly considered a minor participant. The district court went on to discuss with the probation officer whether Appellant was eligible for a reduction under a "stash house" theory. The district court found that Appellant should be sentenced under a stash-house theory of the offense.

The district court sentenced Appellant within the Guidelines range as calculated in the PSR to a period of incarceration of 114 months, five years of supervised release, and a $100 special assessment. Appellant timely filed notice of appeal of his sentence.

## II. Discussion

### a. Appellant's *Apprendi* claim

Appellant raises two issues for review. We first address Appellant's *Apprendi* claim. On appeal, Appellant for the first time claims that the provisions found at 21 U.S.C. § 841(a) and (b) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Both parties agree that Appellant's position is foreclosed by this Court's decision in *United States v. Slaughter*, 238 F.3d 580 (5th Cir. 2000). Appellant raises the issue only in an attempt to preserve it for Supreme Court review. We agree that *Slaughter* controls and precludes this claim.

### b. Mitigating-role adjustment

The remaining issue in this case is whether Appellant was entitled to a reduction in his Guidelines total offense level for being a minor or minimal participant in the offense for which he was sentenced. We conclude that he was not entitled to a mitigating-role adjustment.

### *1. Mitigating-role adjustment generally*

Section 3B1.2 of the United States Sentencing Guidelines allows for a two-level reduction in a defendant's total offense level if the defendant was a "minor participant" in the offense for which the defendant is being sentenced. *See* U.S.S.G. § 3B1.2(b). If a defendant was a "minimal participant," the defendant is eligible for a four-level reduction in the total offense level. *See* U.S.S.G. § 3B1.2(a). Though a "minimal participant" receives a greater role adjustment than a "minor participant," they are different in degree only. Therefore, an individual whose role was too substantial to be classified as minor, *a fortiori*, was not a minimal participant.

"A downward adjustment under section 3B1.2 is generally appropriate only where a

4

defendant was substantially less culpable than the average participant." *United States v. Brown*, 54

F.3d 234, 241 (5th Cir. 1995) (internal quotations and citations omitted). "The defendant bears

the burden of proving that his role in the offense was minor or minimal." *United States v. Atanda*,

60 F.3d 196, 198 (5th Cir. 1995). We note that Appellant did not file a written objection to the

PSR nor an oral objection at the sentencing hearing. Accordingly, the district court, through

adoption of the PSR, provided an adequate factual basis to support the finding and to allow this

Court an opportunity to make a meaningful review.

## 2. *Standard of review*

A factual finding that a defendant is not a minor or minimal participant is reviewed only

for clear error. *United States v. Garcia*, 242 F.3d 593, 598 (5th Cir. 2001). However, "[t]he trial

court's finding will constitute clear error where such finding either rests upon an incorrect rule of

law or is inconsistent with the facts upon which it purports to rest." *United States v. Judon*, 581

F.2d 553, 554-55 (5th Cir. 1978). Therefore, "[w]e review the district court's interpretation of

the Sentencing Guidelines de novo." *United States v. Brown*, 54 F.3d 234, 240-41 (5th Cir.

1995). The facts relevant to the district court's denial of Appellant's request for a mitigating role

adjustment are largely undisputed. As a result, it is the interpretation of the Guidelines at issue on

appeal.[1]

---

[1]Appellant urges the panel to review for clear error. Appellee alludes to a plain error
standard. Examined for clear error, with *de novo* review of the interpretations of the Guidelines,
Appellant's position fails. Appellant's position, therefore, also fails under the more deferential
plain error standard of review. *See Wheeler*, 322 F.3d at 827 (explaining the plain error standard
of review). Because Appellant's argument fails under either standard of review, we need not
decided whether a valid objection was made allowing for clear error review, or whether a valid
objection was not made, requiring plain error review. We assume without deciding that Appellant
is correct and review for clear error

### 3. Appellant's role in the offense

Appellant argues that he was a minor participant in the larger drug distribution conspiracy. The district court correctly observed that, had Appellant been charged as a co-conspirator as part of the larger drug distribution organization, and correspondingly, had a greater amount of contraband been attributed to Appellant in the indictment, he might have been properly considered a minor participant. This is because Appellant was directly involved in only a small fraction of the total amount of drugs attributable to the organization of which Flores was a key part. Appellant, however, was not charged with participation in any larger conspiracy.

"'To take the larger conspiracy into account only for purposes of making a downward adjustment in the base level would produce the absurd result that a defendant involved both as a minor participant in a larger ... scheme for which [he] was not convicted, and as a major participant in a smaller scheme for which [he] was convicted, would receive a shorter sentence than a defendant involved solely in the smaller scheme.'" *United States v. Atanda*, 60 F.3d 196, 199 (5th Cir. 1995) (*quoting United States v. Olibrices*, 979 F.2d 1557, 1560 (D.C. Cir. 1992)). Therefore, "when a sentence is based on an activity in which a defendant was actually involved, § 3B1.2 does not require a reduction in the base offense level even though the defendant's activity in a larger conspiracy may have been minor or minimal." *Atanda*, 60 F.3d at 199.

"[T]here is no reason to believe that [Appellant's] involvement in this case was anything more than a drug user who unfortunately acquiesced in his friend's decision to store drugs in his bedroom closet." Appellant's Reply Brief at 8. Unfortunately for Appellant, such a role does not qualify him for a mitigating-role adjustment when he is charged only with possession of the drugs he allowed to be stashed in his residence. Here, as was the case in *United States v. Garcia*,

"[Appellant] allowed his property to be used as a stash house." 242 F.3d 593, 598 (5th Cir. 2001). Further, "[appellant] was not held responsible for the entire criminal history of the drug organization. Rather, his sentence was based on conduct in which he was directly involved, namely drug storage on his property. As such, his role was not minor, but actually coextensive with the conduct for which he was held accountable." *Id.* at 598-99.

It is undisputed that Appellant was directly involved with the storage of the entire quantity of drugs found at his residence by allowing the drugs to be stored there. Appellant himself urges, and thereby concedes, that he allowed his residence to be used as merely a stash house. The district court's interpretation of the Guidelines in this respect was correct. *Garcia* applies and controls. Accordingly, the district court's finding that Appellant was not entitled to a reduction for being a minor participant was not clearly erroneous.

AFFIRMED.