United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 21 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-51351
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

REBECA SANCHEZ-LOPEZ,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 04-51351
---------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rebeca Sanchez-Lopez appeals her 70-month sentence for
conspiracy to import 500 grams or more of cocaine into the United
States, importation of 500 grams or more of cocaine into the
United States, conspiracy to possess with intent to distribute
500 grams or more of cocaine, and possession with intent to
distribute 500 grams or more of cocaine.

Sanchez-Lopez argues, for the first time on appeal, that the
district court's decision to deny her a minor-role downward

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

adjustment, based on its finding that she had transported cocaine into the United States on five to ten occasions, was not supported by the record and thus was unreasonable in light of the Supreme Court's ruling in United States v. Booker, 125 S. Ct. 738 (2005). As Sanchez-Lopez did not raise a claim under Booker below, we review for plain error. United States v. Mares, 402 F.3d 511, 520 (5th Cir.), petition for cert. filed (U.S. Mar. 31, 2005) (No. 04-9517). In Booker, the Supreme Court ruled that, "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." Booker, 125 S. Ct. at 756. We "read Booker to apply only to sentencing adjustments based on judge-found facts which increase a defendant's sentence, not to mitigating adjustments." United States v. De Jesus-Batres, ___ F.3d___, No. 03-20505, 2005 WL 1155677, *11 n.2 (5th Cir. May 17, 2005). Thus, Booker does not apply to Sanchez-Lopez's assertion of error and the district court did not commit error, plain or otherwise.

To the extent that Sanchez-Lopez's argument may be perceived as a preserved objection to the district court's denial of a minor-role downward adjustment, this court's review is for clear error. De Jesus-Batres, 2005 WL 1155677 at *7. Sanchez-Lopez was convicted and sentenced based solely on the activity in which she was involved and she has not shown that she was substantially

less culpable than the average participant.  Thus, the district court did not clearly err by denying Sanchez-Lopez a minor-role downward adjustment.  See United States v. Garcia, 242 F.3d 593, 598 (5th Cir. 2001); United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995).

AFFIRMED.