**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Albertico LARES–NIEBLA,**
**Defendant–Appellant.**

No. 05–50894.

**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

Decided March 6, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Henry Joseph Bemporad, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Albertico Lares–Niebla ("Lares") pleaded not guilty to importation of marijuana [1]

* Pursuant to the 5TH CIR. R. 47.5, the court

has determined that this opinion should not

and possession with intent to distribute marijuana,[2] unsuccessfully posited a no-knowledge defense, and appeals his 45-month sentence following a jury trial. He argues that the district court misinterpreted the Sentencing Guidelines when it erroneously denied his request for a minor-role adjustment under U.S.S.G. § 3B1.2.[3] Although admitting that he is not necessarily entitled to an adjustment,[4] Lares contends that he was a mere courier and that the district court failed to consider the "totality of the circumstances" when applying the Guidelines;[5] he seeks remand for a proper inquiry.

We review the district court's application of the Sentencing Guidelines de novo and review factual findings for clear error.[6] Pursuant to U.S.S.G. § 3B1.2, a district court may decrease a defendant's offense level by two levels if the defendant was a minor participant. An adjustment for a minor role applies to a defendant "who is less culpable than most other participants, but whose role could not be described as minimal."[7] The defendant bears the burden of proving that he was a minor participant in the offense.[8]

Though lack of knowledge of the criminal endeavor does not preclude application of a minor-role adjustment,[9] we conclude that Lares has not shown the district court misapprehended the Sentencing Guidelines or that he should have received a minor-role adjustment. The district court expressly adopted the presentence report, which determined that no mitigating evidence existed.[10] Lares has not demonstrated that reliance on the fact determinations found therein results in clear error.

Moreover, for purposes of § 3B1.2, a defendant's involvement in an offense is not evaluated with reference to the entire criminal enterprise in which he participated.[11] Rather, the proper scope of a § 3B1.2 inquiry asks whether a defendant's involvement was minor in relation to

be published and is not precedent except under limited circumstances set forth in 5TH CIR. R. 47.5.4.

1. 21 U.S.C. §§ 952 and 960.

2. 21 U.S.C. § 841.

3. The district court overruled the minor-role adjustment objection, explaining that it would be "inconsistent with his defense at trial." Lares argues that this rationale does not amount to a failure of proof.

4. See United States v. Buenrostro, 868 F.2d 135 (5th Cir.1989).

5. See U.S.S.G § 3B1.2, comment (n.3(C)). Lares points to evidence demonstrating that he did not own the truck, as it was borrowed and registered to a third party, and argues that no evidence establishes that he had a proprietary interest in the marijuana seized from its tires.

6. See United States v. Villegas, 404 F.3d 355, 359 (5th Cir.2005).

7. U.S.S.G. § 3B1.2, comment. (n.5).

8. United States v. Garcia, 242 F.3d 593, 597 (5th Cir.2001).

9. See United States v. Sotelo, 97 F.3d 782, 799 (5th Cir.1996) (citing U.S.S.G. § 3B1.2, comment. (nn.1 & 2)).

10. See United States v. Brown, 54 F.3d 234, 242 (5th Cir.1995) ("The PSR generally bears sufficient indicia of reliability to be considered as evidence by the district court in resolving disputed facts. A district court may thus adopt facts contained in the PSR without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence" (internal citations omitted).).

11. Garcia, 242 F.3d at 598; see also United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995).

the conduct for which he was held account-able.[12] Lares was convicted and sentenced based on his possession of 46.8 kilograms of marijuana[13] that were found in the truck he drove across the border[14] and is, therefore, not entitled to a minor-role adjustment.

---

12. *Id.*

13. *See United States v. Hare,* 150 F.3d 419, 428 (5th Cir.1998), *overruled on other grounds by United States v. Doggett,* 230 F.3d 160 (5th Cir.2000) (stating that 50 pounds of marijuana is not a small amount for purposes of the minor-role adjustment).

14. *See Buenrostro,* 868 F.2d at 138 (discussing the implications of a courier involved in a criminal enterprise).