United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 11, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-10682
Summary Calendar
_____

UNITED STATES OF AMERICA,

                              Plaintiff-Appellee,

versus

CURTIS LEE HUNT,

                              Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:04-CR-180-3
--------------------

Before JONES, Chief Judge, and JOLLY and DAVIS, Circuit Judges.

PER CURIAM:[*]

    Curtis Lee Hunt appeals his sentence for possession with intent to distribute more than 5 grams of a mixture and substance containing a detectable amount of cocaine base.  Hunt argues that the district court erred by not reducing his offense level in accordance with U.S.S.G. § 3B1.2 for a mitigating role in the offense.  Because Hunt did not raise this argument in the district court, review is limited to plain error.  See United States v. Green, 324 F.3d 375, 381 (5th Cir. 2003).

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As Hunt correctly asserts, the conspiracy involved two other individuals and distributed more than 50 grams of cocaine base, and he was involved in only a small part of the overall conspiracy. Had Hunt been sentenced based on the entire conspiracy, his argument for minor participant status would have some force. As Hunt admits, his base offense level was not based on the entire conspiracy. Hunt's offense level was based only on the possession of cocaine base in which he actively participated. A reduction under § 3B1.2 is not required when the defendant's sentence is based on his own conduct rather than the larger conspiracy. United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995).

To the extent that Hunt argues that the sentence was not reasonable, the argument is not persuasive. The district court noted that the testimony of the tragic facts of Hunt's life had persuaded the court not to impose a sentence at the high end of the applicable range. See United States v. Alonzo, 435 F.3d 551, 553 (5th Cir. 2006).

AFFIRMED.