IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 24, 2008

Charles R. Fulbruge III
Clerk

No. 06-41750
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

MARCO ANTONIO MORALES

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:03-CR-1941-7

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Marco Antonio Morales appeals his sentence following his conviction by a jury of possession with intent to distribute more than 100 kilograms of marijuana and aiding and abetting. Morales argues that the district court erroneously failed to apply a minor role adjustment to his offense level under U.S.S.G. § 3B1.2. Morales argues that the adjustment was warranted because he was substantially less culpable than other participants in the overall conspiracy and that his role in the single incident of drug trafficking was simply

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to open a warehouse gate. Morales's argument is that the sentence imposed on him was procedurally flawed because the district court calculated incorrectly the appropriate guidelines range. See Gall v. United States, 128 S. Ct 586, 594-95 (2007).

Whether the defendant is a minor or minimal participant is a factual determination reviewed for clear error. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). For purposes of § 3B1.2, a defendant's participation in the offense is not to be evaluated with reference to the entire criminal enterprise of which the defendant was a part. United States v. Garcia, 242 F.3d 593, 598-99 (5th Cir. 2001). Rather, § 3B1.2 asks whether a defendant's involvement was minor in relation to the conduct for which he was held accountable. Id. Section § 3B1.2 does not require a reduction in the base offense level if a defendant's sentence is based on an activity in which a defendant was actually involved. United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995).

At trial, Morales testified that he was a supervisor for a company with a warehouse. Morales, who had a key and security access codes for the warehouse, opened the warehouse for the van, later found to contain marijuana, on a Saturday, when the warehouse was unoccupied. Contrary to Morales's assertion that he did no more than open a gate, he provided access, by use of his key and security codes as a company supervisor, to the warehouse for the van containing the drugs. This access to the warehouse provided an indispensable service to the drug-trafficking offense and was essential to its success. See United States v. Brown, 54 F.3d 234, 241 (5th Cir. 1995); see also United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989). Morales has not shown that the district court clearly erred by not adjusting his offense level because he was a minor participant in the offense. Morales does not assert that the sentence imposed was not reasonable or flawed in any other way. The judgment of the district court is AFFIRMED.