# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 30, 2008

Charles R. Fulbruge III
Clerk

No. 07-50710
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

CHERI LEE MORGAN

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:06-CR-289-10

Before STEWART, OWEN and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Cheri Lee Morgan appeals the sentence imposed following her guilty plea conviction of possession with intent to distribute methamphetamine. Morgan argues that the district court erred by failing to account for the drugs that she obtained for personal use, rather than to distribute. She also contends that there was insufficient evidence to support the quantity and duration of distribution for which she was held accountable. Additionally, Morgan argues

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

that the district court clearly erred by denying her an adjustment under U.S.S.G. § 3B1.2 for playing a minor role in the offense.

As part of the factual basis for Morgan's guilty plea, she admitted that, beginning in or about January 2003, she obtained methamphetamine in part to sell to others and in part to support her drug habit. Because she was arrested in December 2005, the district court's use of a 35-month period in calculating her distribution activities is not clearly erroneous. See United States v. Betancourt, 422 F.3d 240, 246 (5th Cir. 2005). The district court based its findings regarding the quantity of drugs for which Morgan was responsible only on the amount that she distributed and did not include the amount she obtained for personal use. Morgan has not shown that the information the district court relied on in determining the quantity of drugs was materially untrue. See United States v. Alford, 142 F.3d 825, 832 (5th Cir. 1998). Accordingly, she has not shown that the district court clearly erred in determining that she distributed at least 1.5 kilograms of methamphetamine. See Betancourt, 422 F.3d at 246.

To the extent that Morgan was sentenced based only on her own conduct in distributing at least 1.5 kilograms of methamphetamine, she did not play a minor role in this offense. See United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995). To the extent the district court may have considered her role in the larger drug operation, the court also did not clearly err in finding that she did not play a minor role. See United States v. Villanueva, 408 F.3d 193, 203-04 (5th Cir. 2005). Morgan's actions were not peripheral to the advancement of the illicit activity, particularly given her introduction into the operation of women who were sometimes recruited to participate in it. Additionally, even though she distributed a smaller quantity of drugs than the other indicted participants, there was testimony that, of the dealers in this drug operation, she ranked toward the top of the list. Morgan has not shown that this information was materially untrue. See Alford, 142 F.3d at 832.

AFFIRMED.