# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 19, 2008

Charles R. Fulbruge III
Clerk

No. 07-50373
Conference Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

LORENA RIVERA

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-596-3

Before JONES, Chief Judge, and JOLLY and DENNIS, Circuit Judges.

PER CURIAM:[*]

Lorena Rivera pleaded guilty to conspiring to possess with the intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. §§ 841, 846. The district court sentenced her to 41 months of imprisonment and three years of supervised release.

Rivera argues that the district court clearly erred in reducing her base offense level by two levels for her minor participation in the offense, rather than by four or three levels for her minimal or less than minor participation in the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense.  The advisory Sentencing Guidelines provide for a reduction in the base offense level of a "minor" or a "minimal" participant and a participant who falls between a "minor" and "minimal" participant.  U.S.S.G. § 3B1.2.  To merit a reduction under § 3B1.2, the defendant must have been "substantially less culpable" than the average participant.  § 3B1.2, comment. (n.3(A)).  The role of a defendant in the offense is a factual determination that we review for clear error.  United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005).

The facts show that Rivera packaged the marijuana, loaded the marijuana, knew that she was participating in the transportation of marijuana, and assisted in the transportation of a large quantity of marijuana.  Rivera has not shown that her participation in the offense was "peripheral to the advancement of the illicit activity" or that it was not "critical to the offense."  Villanueva, 408 F.3d at 203 & n.9; United States v. Becerra, 155 F.3d 740, 757 (5th Cir. 1998); United States v. Atanda, 60 F.3d 196, 198 (5th Cir. 1995).  The district court did not clearly err in reducing Rivera's offense level by two levels for her minor participation in the offense, rather than by four or three levels for a minimal or less than minor participation in the offense.  Additionally, Rivera's properly calculated, within guidelines sentence is entitled to a presumption of reasonableness.  See United States v. Alonzo, 435 F.3d 551, 554 (5th Cir. 2006); Gall v. United States, 128 S. Ct. 586, 597 (2007).

Accordingly, the judgment of the district court is AFFIRMED.