IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 17, 2008

Charles R. Fulbruge III
Clerk

No. 07-40875
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

SONIA M OCHOA DE VILLAGOMEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:07-CR-10-1

Before GARWOOD, JOLLY, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sonia Ochoa De Villagomez (Ochoa) appeals the sentence imposed following her guilty plea conviction for importing approximately 37 kilograms of cocaine. Ochoa argues that the district court abused its discretion by not granting her a minor role adjustment because her role in the offense was that of merely driving her vehicle across the border. She also argues that the district court should have determined her role solely with respect to "this particular narcotics transportation," not her overall relevant conduct.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

This court reviews a district court's interpretation of the Sentencing Guidelines de novo and its factual findings for clear error. United States v. Jaurez-Duarte, 513 F.3d 204, 208 (5th Cir.), cert. denied, 128 S. Ct. 2452 (2008). "There is no clear error if the district court's finding is plausible in light of the record as a whole." United States v. Harms, 442 F.3d 367, 378 (5th Cir. 2006), cert. denied, 127 S. Ct. 2875 (2007).

"The determination of a defendant's role in the offense is to be made on the basis of all conduct within the scope of § 1B1.3 (Relevant Conduct) . . . and not solely on the basis of elements and acts cited in the count of conviction." Ch. 3, Pt. D, intro. comment. Moreover, although a reduction for being a minor participant is available for a defendant who performed a limited function in a concerted criminal activity but was held accountable only for the conduct in which he was personally involved, the defendant must have been "substantially less culpable than the average participant." United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir. 2005) (citing U.S.S.G. § 3B1.2, comment. (n.3(A)).

Ochoa was the driver, sole occupant and owner of the vehicle in which the cocaine was present in a false compartment in the gas tank.

The defendant bears the burden of proving entitlement to a minor role adjustment. United States v. DeJesus-Bates, 410 F.3d 154, 163 (5th Cir. 2005). See also United States v. Atanda, 60 F.3d 196, 198-99 (5th Cir. 1995). One may be courier in a drug offense without being substantially less culpable than the average participant. United States v. Buenrostro, 868 F.3d 135, 138 (5th Cir. 1989).

The record does not support Ochoa's argument that the district court denied her the minor role adjustment based on an erroneous assessment of her participation in a larger unidentified conspiracy. Rather, the district court merely failed to accept Ochoa's self-serving unsworn claim that she was only a one-time courier. Further, because Ochoa, although she made an unsworn statement, did not present any evidence rebutting the facts contained in the

PSR, the district court was free to adopt them. See United States v. Davis, 226 F.3d 346, 360 (5th Cir. 2000) (district court may adopt facts contained in the PSR if they have an adequate evidentiary basis and the defendant does not present rebuttal evidence).

Ochoa also argues that the district court erred when it failed to grant her a downward departure for a serious medical condition. This court lacks jurisdiction to review the district court's denial of a downward departure unless the district court mistakenly believed that it lacked the authority to depart under the Guidelines. United States v. Sam, 467 F.3d 857, 861 (5th Cir. 2006). The record does not indicate that the district court believed that it lacked the authority to depart. Accordingly, this court lacks jurisdiction to review this issue.

AFFIRMED.