# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 1, 2009

Charles R. Fulbruge III
Clerk

No. 08-40645
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

JAIME GARZA

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:07-CR-693-1

Before HIGGINBOTHAM, BARKSDALE, and ELROD, Circuit Judges.

PER CURIAM:[*]

Jaime Garza appeals the 120-month sentence imposed following his guilty plea to knowingly possessing with intent to distribute 2.18 kilograms of cocaine, in violation of 21 U.S.C. § 841. He contends: the district court incorrectly raised his base offense level by determining he qualified as a career offender; and, it

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

erred in refusing to grant him a minimal or, in the alternative, minor, role reduction.

Although post-*Booker*, the Sentencing Guidelines are advisory only, and an ultimate sentence is reviewed for reasonableness under an abuse-of-discretion standard, the district court must still properly calculate the guildeline-sentencing range for use in deciding on the sentence to impose. *Gall v. United States*, 128 S. Ct. 586, 598 (2007). In that respect, its application of the guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g., United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008); *United States v. Villegas*, 404 F.3d 355, 359 (5th Cir. 2005).

Garza had prior convictions in North Carolina for possession with intent to sell or deliver both marijuana and cocaine. He contends the district court committed reversible error in concluding his prior North Carolina offenses were "controlled substance offenses" and in using those convictions to sentence him as a career offender under Sentencing Guideline § 4B1.1.

Pursuant to Guideline § 4B1.1(a), a defendant is a career offender if, in relevant part, he "has at least two prior felony convictions of . . . a controlled substance offense". U.S.S.G. § 4B1.1(a)(3). A "controlled substance offense" is defined as "an offense under federal or state law, punishable by imprisonment for a term exceeding one year, that prohibits the . . . possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense". U.S.S.G. § 4B1.2(b). Whether a conviction is "punishable by imprisonment for a term exceeding one year" depends on whether the offense carries a potential sentence of more than one year, rather than whether an individual defendant convicted of that offense meets the criteria for a sentence of that length. *See United States v. Caicedo-Cuero*, 312 F.3d 697, 699-700, 705-06 (5th Cir. 2002); *see also United States v. Harp*, 406 F.3d 242, 245-46 (4th Cir. 2005).

Under North Carolina's sentencing scheme, Garza's conviction for possession with intent to sell or deliver marijuana was a Class I offense, which carries a maximum potential sentence of 15 months. N.C. GEN. STAT. ANN. § 15A-1340.17(d). His conviction for possession with intent to deliver cocaine was a Class H offense, which has a maximum potential sentence of 30 months. N.C. GEN. STAT. ANN. § 15A-1340.17(d). Because the maximum statutory sentence for each of Garza's North Carolina convictions exceeded one year, they constituted "controlled substance offenses" supporting the Guideline § 4B1.1 enhancement.

Garza also maintains the district court erred by denying his motion for a mitigating-role adjustment under Sentencing Guideline § 3B1.2 (providing a decrease in offense level if the defendant was a minor or minimal participant in the criminal activity at issue). Whether the defendant is a minor or minimal participant is a factual determination, reviewed only for clear error. *E.g., United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005).

Garza's courier status alone did not entitle him to a role adjustment because a defendant may be a courier without being "substantially less culpable than the average participant". *United States v. Brown*, 54 F.3d 234, 241 (5th Cir. 1995). If a sentence is based on activity in which a defendant was actually involved, Guideline § 3B1.2 does not require a reduction in the base offense level even though the defendant's activity in a larger conspiracy may have been minor. *United States v. Atanda*, 60 F.3d 196, 199 (5th Cir. 1995).

Garza admitted he was aware he was driving a vehicle with drugs concealed in the engine. Accordingly, the district court did not clearly err in denying his request for a reduction based on his role in the offense.

AFFIRMED.