# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 17, 2011

Lyle W. Cayce
Clerk

No. 10-50369
c/w No. 10-50371
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARICELA TARIN, also known as Marisela Tarin,

Defendant-Appellant

Cons. w/ No. 10-50371

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MARICELA TARIN,

Defendant-Appellant

Appeals from the United States District Court
for the Western District of Texas
USDC No. 3:06-CR-1879-1
USDC No. 3:09-CR-3402-1

Before HIGGINBOTHAM, SMITH, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Maricela Tarin pleaded guilty to importing and possessing with intent to distribute marijuana. The district court sentenced Tarin to 24 months of imprisonment for each count, to be served concurrently, and to five years of supervised release for each count, to be served concurrently. Tarin appeals her sentence, arguing that she was entitled to a two-level reduction in her offense level under U.S.S.G § 3B1.2(b) as a minor participant in the drug-trafficking operation.

The district court's refusal to grant a minor participant adjustment is a factual determination that is reviewed for clear error. See United States v. Villanueva, 408 F.3d 193, 203 (5th Cir. 2005). The defendant bears the burden of proving that she is entitled to this downward adjustment. United States v. Garcia, 242 F.3d 593, 597 (5th Cir. 2001).

Tarin has not shown that the district court clearly erred in concluding that she failed to establish that she played only a minor role in the offense. See Burton v. United States, 237 F.3d 490, 503 (5th Cir. 2000). Tarin's sentence was based entirely on the conduct that she was directly involved in and the quantity of drugs that she personally transported; thus, a minor role adjustment was not required even if she played only a small part in a larger enterprise. See Garcia, 242 F.3d at 598-99("Section 3B1.2 does not contemplate that the participation level is to be evaluated in reference to the entire criminal enterprise of which Defendant is a part."); United States v. Atanda, 60 F.3d 196, 199 (5th Cir. 1995)("We . . . conclude that when a sentence is based on an activity in which a defendant was actually involved, §3B1.2 does not require a reduction in the base

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

offense level even though the defendant's activity in a larger conspiracy may have been minor . . . ."). Moreover, Tarin's argument that she should have received the adjustment because she was merely a drug courier with little knowledge of the smuggling operation is unavailing. A courier is often "indispensable" to a drug-smuggling operation, United States v. Buenrostro, 868 F.2d 135, 138 (5th Cir. 1989), and thus is not automatically entitled to a minor role adjustment. Id.("Without somebody to take the drugs across the border, the drugs will never reach their illicit market."). Tarin's role in transporting 32.01 kilograms of drugs across the border was more than peripheral; therefore, the district court did not clearly err in finding that she was not a minor participant. See Villanueva, 408 F.3d at 203-04.

At the time Tarin committed the instant offenses, she was on supervised release for a 2006 drug related conviction. Her commission of these offenses resulted in a revocation of her supervised release. Although Tarin has appealed the revocation of her supervised release, she has failed to raise any arguments in support of that appeal. Because issues not briefed on appeal are waived, see United States v. Thames, 214 F.3d 608, 611 n.3 (5th Cir. 2000), Tarin has waived any argument concerning the district court's revocation of her supervised release.

The judgments of the district court are AFFIRMED.