# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 12-40639
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 6, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JORGE BARRERA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:10-CR-1103-5

Before DAVIS, SOUTHWICK, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Jorge Barrera appeals the 97-month, within-guidelines sentence imposed following his guilty plea conviction of conspiracy to possess with intent to distribute more than 100 kilograms but less than 1,000 kilograms of marijuana. He argues that the district court erred by applying a two-level adjustment to his offense level pursuant to U.S.S.G. § 2D1.1(b)(1) based on a finding that one of Barrera's coconspirators possessed a dangerous weapon

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

during the offense.  He also argues that the district court erroneously denied his request for an offense level reduction based on his limited role in the offense.

Section 2D1.1(b)(1) provides for a two-level enhancement of the defendant's offense level "[i]f a dangerous weapon (including a firearm) was possessed."  § 2D1.1(b)(1); *accord United States v. Cooper*, 274 F.3d 230, 244 (5th Cir. 2001).  The commentary to § 2D1.1 instructs that "[t]he enhancement should be applied if the weapon was present, unless it is clearly improbable that the weapon was connected with the offense."  § 2D1.1 cmt. n.11(A).

The enhancement will apply where the defendant personally possessed the weapon or where a coconspirator possessed the weapon during the conspiracy and the coconspirator's possession was reasonably foreseeable to the defendant.  *See United States v. Zapata-Lara*, 615 F.3d 388, 390 (5th Cir. 2010).  The Government is required to prove the applicability of the enhancement by a preponderance of the evidence.  *Id.*; *United States v. Aguilera-Zapata*, 901 F.2d 1209, 1215 (5th Cir. 1990).  "If the Government meets that burden, the burden shifts to the defendant to show that it was clearly improbable that the weapon was connected with the offense."  *United States v. Ruiz*, 621 F.3d 390, 396 (5th Cir. 2010); *see also* U.S.S.G. § 2D1.1 cmt. n.11(A).

Barrera has failed to demonstrate clear error in the district court's finding that the enhancement applies because his coconspirator's possession of the weapon was reasonably foreseeable to Barrera.  Law enforcement agents observed Barrera's coconspirator throw the weapon out of the window of the vehicle they were pursuing, and the coconspirator admitted to owning the weapon, attempting to discard it, and knowingly participating in the conspiracy by, inter alia, loading marijuana into the tractor-trailer.  Thus, the

No. 12-40639

Government "show[ed] a temporal and spatial relationship of the weapon, the drug trafficking activity, and [Barrera's coconspirator]," *see Zapata-Lara*, 615 F.3d at 390, and that Barrera's coconspirator "knowingly possessed the weapon," *see Aguilera-Zapata*, 901 F.2d at 1215. The record also indicates that Barrera participated in the conspiracy by driving the tractor-trailer loaded with 967 kilograms of marijuana to a truck stop so that a driver he recruited could transport the drugs to Houston, all while Barrera maintained communication with his coconspirator. These facts are sufficient to support the district court's imposition of the enhancement based on a finding of foreseeability. *See, e.g., United States v. Mergerson*, 4 F.3d 337, 350 (5th Cir. 1994); *see also United States v. Cisneros-Gutierrez*, 517 F.3d 751, 765–66 (5th Cir. 2008); *Aguilera-Zapata*, 901 F.2d at 1216.

Under U.S.S.G. § 3B1.2, a district court may decrease a defendant's offense level by four levels if the defendant was a minimal participant in the criminal activity, by two levels if the defendant was a minor participant, or by three levels if the level of participation falls between minimal and minor. A "minimal participant" is one who is "plainly among the least culpable of those involved in the conduct of a group," such as one who demonstrates a lack of knowledge or understanding of the scope and structure of the enterprise. § 3B1.2 cmt. n.4. A "minor participant" is any participant "who is less culpable than most other participants, but whose role could not be described as minimal." § 3B1.2 cmt. n.5. "It is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *United States v. Villanueva*, 408 F.3d 193, 204 (5th Cir. 2005) (internal quotation marks and citation omitted).

No. 12-40639

It is the defendant's burden to show that his role in the offense was minor or minimal. *See United States v. Garcia*, 242 F.3d 593, 597 (5th Cir. 2001). In determining whether a defendant is entitled to a mitigating role reduction under § 3B1.2, the district court must consider the broad context of the defendant's crime. *See United States v. Atanda*, 60 F.3d 196, 198 (5th Cir. 1995). The district court's denial of a mitigating role reduction is a factual finding reviewed for clear error. *Villanueva*, 408 F.3d at 203.

Barrera's argument that he was entitled to a mitigating role reduction because he was less culpable than his coconspirators is unavailing. Barrera worked closely with his coconspirators to ensure that the marijuana-laden tractor-trailer would be transferred to a driver who would then transport the load to Houston. Additionally, Barrera has been held responsible for the conduct to which he pleaded guilty.

The district court's determination that Barrera was similarly situated to his coconspirators "is plausible in light of the record read as a whole." *Villanueva*, 408 F.3d at 203. Barrera's participation was essential, and not merely peripheral, to the advancement of the offense, *see id.* at 204, and was "coextensive with the conduct for which he was held accountable," *see Garcia*, 242 F.3d at 598-99. Thus, the district court did not clearly err in denying Barrera a mitigating role adjustment. *See Villanueva*, 408 F.3d at 203.

AFFIRMED.

4