United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 18, 2006**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 05-51147

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

PEDRO ESTRADA PEREZ,

Defendant-Appellant.

Appeal from the United States District Court
For the Western District of Texas, El Paso
05-CR-852-ALL

Before DAVIS, BARKSDALE and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Pedro Estrada Perez (Estrada) challenges his sentence following his plea of guilty to charges of importation of marijuana and possession with intent to distribute marijuana. The only significant issue in the appeal is whether the district court clearly erred in concluding that the evidence supports the finding that Estrada was accountable for 142.86 kilograms of marijuana for

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

sentencing purposes. We conclude that the evidence was sufficient for the court to make this finding and affirm the sentence.

I.

A.

In March 2005, Estrada attempted to enter the United States from Mexico at the Bridge of the Americas Port of Entry in El Paso, Texas. He was driving a 1989 Ford Bronco with Mexican plates. At primary inspection, Estrada said that the vehicle belonged to him. The Customs and Border Protection officer noted that the vehicle was clean, did not appear to have ever been used, and that the back seat was abnormally hard. The vehicle was sent to secondary inspection, where Estrada again said that he owned the vehicle and that he was going shopping at Wal-Mart.

A dog alerted to the rear seat, and subsequent inspection revealed 82 bundles of marijuana. The marijuana was located under the back seat and rear quarter panels and weighed 105 pounds or 47.64 kilograms.

After being given his Miranda warnings, Estrada said that he had been hired a couple of weeks before by two people he did not know to transport drugs in the vehicle into the United States. He said that this was the third time that he had crossed the border in the same vehicle with narcotics. He said that each time he crossed, he left the vehicle in the parking lot of the Star Western Wear Clothing Store in downtown El Paso. He was instructed to leave the keys in the glove compartment and return to Mexico. He

2

was paid $700 each time he transported drugs across the border in the vehicle.

Based on the statements made by Estrada at the time of his arrest, the probation officer concluded that it was reasonable to infer that he was involved in the crossing of two previous loads which were equal to the load of marijuana seized based on (1) the payment of the same fee received for each of the previous crossings, (2) the proximity of each crossing, (3) the same vehicle was utilized for each of the previous crossings and (4) the same individual hired the Defendant for all three crossings. The probation officer recommended holding Estrada accountable for the 47.62 kilograms of marijuana seized and two additional loads of the same amount, for a total of 142.86 kilograms of marijuana. This gave him a base offense level of 26. The probation officer recommended that Estrada's offense level be reduced by two points for providing complete information to the government, and three additional points for acceptance of responsibility, but no reduction was recommended for a mitigating role in the offense.

Estrada objected to the base offense level calculation, arguing that it was pure speculation as to the amount of marijuana transported on the two previous trips and that it was unknown whether narcotics were concealed within the vehicle during prior crossings.

Estrada also objected to the probation officer's failure to recommend a two-level reduction for minor role pursuant to U.S.S.G

3

§ 3B1.2(b). The district court denied both objections and sentenced Estrada at the bottom of the guideline range, 37 months. Estrada filed a timely appeal.

Estrada was sentenced after United States v. Booker, 543 U.S. 220 (2005). Post-Booker, this court continues to review the district court's interpretation and application of the Guidelines de novo and its factual findings with respect to sentencing for clear error. United States v. Villanueva, 408 F.3d 193, 203 & n.9 (5th Cir.), cert. denied, 126 S. Ct. 268 (2005); United States v. Villegas, 404 F.3d 355, 359 (5th Cir. 2005). A finding of fact is not clearly erroneous "[a]s long as it is plausible in light of the record read as a whole." United States v. Morris, 46 F.3d 410, 419 (5th Cir. 1995).

## II.

### A.

Estrada argues first that the quantity of drugs used to determine his base offense level was calculated on speculative extrapolation and not proved by a preponderance of reliable evidence. He contends that the probation officer's drug-quantity assertions lacked an evidentiary basis and reliability for the 142-kilogram figure. He contends that no testimony established an evidentiary basis for the size or fact of other loads. He argues that his admission that he had been paid twice before to drive the truck across the border was not sufficient to establish those facts and that the probation officer improperly used that admission to

4

speculate on the quantity of marijuana.

The facts listed by the probation officer to justify the attribution of 142.86 kilograms of marijuana to Estrada (the fact that Estrada received the same fee for each crossing; the crossings were at the same place, with the same vehicle, with the same individual hiring him), were clearly sufficient to support the conclusion that Estrada's two prior trips were part of the same course of conduct under United States sentencing guideline § 1B1.3, the relevant conduct guideline. See United States v. Shonubi, 998 F.2d 84, 89 (2d Cir. 1993).

However, that does not end the inquiry. In making factual findings, the district judge may consider any information that has "sufficient indicia of reliability to support its probable accuracy." U.S.S.G. § 6A1.3(a), p.s.; United States v. Betancourt, 422 F.3d 240, 247 (5th Cir. 2005). The district court must make its factual findings at sentencing by a preponderance of evidence which is both relevant and sufficiently reliable. Betancourt, 422 F.3d at 247.

In determining drug quantity for sentencing purposes, a district court may approximate the amount so long as the estimates are reasonable and based on reliable evidence. Id. at 246.

> Types and quantities of drugs not specified in
> the count of conviction may be considered in
> determining the offense level. . . . Where
> there is no drug seizure or the amount seized
> does not reflect the scale of the offense, the
> court shall approximate the quantity of the

5

> controlled substance. In making this determination, the court may consider, for example, the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved.

U.S.S.G. § 2D1.1, cmt., n.12.

The district court in this case used an extrapolation methodology to determine drug quantity. Based on the facts recited in the PSR the court inferred that Estrada probably transported the same quantity of drugs on each of the three occasions he crossed the border with drugs in this vehicle.

Estrada relies on United States v. Shonubi, in which the court concluded that the extrapolation used by the district court was unreliable. 998 F.2d at 89. Shonubi was arrested at JFK airport after a visit to Nigeria and was found to be carrying 427.4 grams of heroin. Id. at 86. At his trial, the government produced evidence that he had made between five and eight other trips to Nigeria. The district court found that he had made eight trips, that he had imported heroin on each occasion, and multiplied the number of trips by 427.4 grams. Id. at 87. Shonubi argued that this was error because the government had failed to prove how much heroin he had smuggled during each of his trips. Id. at 88.

The Second Circuit agreed with the district court that the prior trips were part of the same course of conduct as the offense of conviction, and that it might be inferred that he had imported heroin during these prior trips. Id. at 89. However, the court

6

noted that the government must still prove drug quantity by a preponderance of the evidence and that there was no proof that Shonubi had imported 427.4 grams of heroin on each of his seven other trips.  Id.

In United States v. Cabrera, 288 F.3d 163, 170-73 (5th Cir. 2002), the district court used the extrapolation method to estimate the number of immigrants smuggled by the defendant.  The agents were aware of the number of immigrants smuggled on three of the 15 trips, and they assumed that at least two immigrants were smuggled on each occasion.  This assumption was based on the fact that the smuggling scheme was designed to use children to aid in the crossing, taking advantage of the Border Patrol's policy of leniency toward families with young children.  Id. at 172.  This court concluded that "there is sufficient reliable evidence that the multiplier used by the district court in the instant case is reasonably representative of the number of immigrants smuggled on each trip."  Id.  We specifically distinguished Shonubi.  Id.

Although these cases are somewhat instructive, a determination of whether the evidence is sufficient obviously depends upon the facts of each case.  Our review of this record leads us to conclude that the evidence is sufficient to support the district court's finding.  First, the same supplier hired Estrada for all three drug runs and this supplier paid Estrada $700 to transport each load. The payment of the same fee suggests that Estrada performed the same service.   Second, the same vehicle was used and the cargo

7

area where the marijuana was found was packed so tight that the rear seat was hard to the touch. There is little reason to believe that the compartment established for smuggling the marijuana would be only partially filled. The defendant argues that it is just as reasonable to assume that the supplier sent Estrada across the border without drugs on a dry run to test the courier and let the border inspectors get accustomed to seeing the defendant. The fact that the supplier put the Bronco in Estrada's name indicates a firmly established relationship between the two persons that had advanced past any trial period. Also, the argument that the earlier two crossings could have been dry runs is contradicted by Estrada's admission that he transported drugs on the two previous trips. In addition, as the government argued, it is doubtful that a supplier would pay a courier to make dry runs.

We conclude therefore that the district court did not clearly err in finding that the evidence was sufficient to establish the 142.86 kilogram figure.

B.

Estrada argues that the district court erred by denying him a two-level reduction for minor participant. The determination of a defendant's role in an offense is factual in nature, subject to review for clear error. United States v. Palomo, 998 F.2d 253, 257 (5th Cir.), cert. denied,114 S.Ct. 358, 126 L.Ed.2d 322 (1993). He

contends that he was a courier whose only role was to drive the Bronco from the Mexican side to the United States and that he was paid a fixed, relatively low fee. This argument is without merit. In U.S. v. Buenrostro, we held that the district court had not committed clear error in refusing to award a § 3B1.2 reduction in a case involving a one-time courier of marijuana who performed the task after meeting previously unknown individuals in a bar. See 868 F.2d 135, 137-38 (5th Cir. 1989).

Estrada has failed to sustain his burden of demonstrating that he was entitled to a mitigating-role adjustment. See United States v. Zuniga, 18 F.3d 1254, 1261 (5th Cir. 1994). The record indicates that Estrada played an integral role in transporting 105 pounds of marijuana (47.62 kilograms) hidden in a vehicle and that he pleaded guilty to substantive counts of possessing the marijuana with an intent to distribute and to importing marijuana. The persons hiring him trusted him enough to register the vehicle in his name. The district court did not clearly err in finding that Estrada was not entitled to a downward adjustment for a mitigating role in the offense.

For the reasons states above we AFFIRM Estrada's sentence.

AFFIRMED.