# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 8, 2007

Charles R. Fulbruge III
Clerk

No. 06-51527

United States of America

Plaintiff-Appellee

v.

Leonardo Saucedo-Valverde

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas, El Paso Division
USDC No. 3:06-cr-01075-KC-ALL

Before DAVIS, WIENER, and PRADO, Circuit Judges.

PER CURIAM:[1]

This is an appeal from a sentence following a guilty-plea for importing marijuana into the United States under 21 U.S.C. §§ 952(a) and 960(a)(1), and for possession of marijuana with intent to distribute under 21 U.S.C. § 841(a)(1). The issue raised in this appeal is whether the district court clearly erred in estimating the quantity of marijuana attributable to appellant, Leonardo Saucedo-Valverde, for purposes of determining his sentence. Based on our

---

[1] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

review of the record and after considering briefs of counsel, we find no clear error and affirm.

I.

Appellant was arrested at the United States-Mexico border while driving from Juarez, Mexico to Denver, Colorado, after border patrol officers discovered 31.80 gross kilograms (weight including packaging) of marijuana hidden inside the dashboard. Appellant admitted that he was being paid $5,000 to transport an unknown quantity of marijuana from Mexico to Colorado and pleaded guilty to importing marijuana and possession of marijuana with intent to distribute. Appellant also admitted that he had driven marijuana-laden vehicles into the United States on two prior occasions — he previously received $4,500 to drive a vehicle from Mexico to Colorado and $5,000 to drive a vehicle from Mexico to Oklahoma.

Based on appellant's statements about the prior importation of unknown quantities of marijuana into the United States, the probation officer concluded that it could be inferred that appellant transported the same quantity of drugs on the two prior occasions as on this occasion, for a total of 95.37 kilograms. Based on this inference, the probation officer assigned appellant a base offense level of 24 pursuant to U.S.S.G. § 2D1.1(a)(3). Appellant received a two-level "safety-valve" adjustment and a three-level adjustment for acceptance of responsibility which resulted in a total offense level of 19. Appellant had no prior criminal convictions and so was assigned a criminal history category of I. Based on a total offense level of 19 and a criminal history category I, appellant's guideline imprisonment range was 30 to 37 months.

Appellant objected to the probation officer's estimate of the drug quantity as speculative and argued that there was no reliable evidence or information to support the accuracy of the calculation. He re-urged this objection at sentencing, but the district court overruled the objection and found that the relevant conduct

was "correctly scored." The district court sentenced appellant to 30 months of imprisonment and two years supervised release.

## II.

After <u>United States v. Booker</u>, this Court continues to review the district court's interpretation and application of the Sentencing Guidelines de novo. <u>United States v. Villaneuva</u>, 408 F.3d 193, 203 n.9 (5th Cir. 2005), cert denied, 126 S.Ct. 268 (2005); <u>see also</u> <u>United States v. Valdez</u>, 453 F.3d 252, 262 (5th Cir. 2006), cert denied, 127 S.Ct. 456 (2006). "The district court's calculation of the quantity of drugs involved in an offense is a factual determination . . . entitled to considerable deference and will be reversed only if [it is] clearly erroneous." <u>United States v. Betancourt</u>, 422 F.3d 240, 246 (5th Cir. 2005) (internal quotations and citations omitted). Findings are deemed "clearly erroneous only if, based on the entire evidence, [the court is] left with the definite and firm conviction that a mistake has been committed." <u>Valdez</u>, 453 F.3d at 262 (citing <u>United States v. Cabrera</u>, 288 F.3d 163, 168 (5th Cir. 2006)).

In making a factual finding regarding the quantity of drugs attributable to a defendant, "the district judge may consider any information that has sufficient indicia of reliability to support its probable accuracy," and the district court must make such factual findings "by a preponderance of the relevant and sufficiently reliable evidence." <u>Betancourt</u>, 422 F.3d at 247. Additionally, "[a] district court may adopt facts contained in the [Pre-Sentencing Report] (PSR) without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence." <u>United States v. Alford</u>, 142 F.3d 825, 832 (5th Cir. 1998). "The defendant bears the burden of showing that the information in the PSR relied on by the district court is materially untrue." <u>Id.</u> (citing <u>United States v. Valencia</u>, 44 F.3d 269, 274 (5th Cir. 1995)); <u>see also</u> <u>United States v. Rodriguez</u>, 897 F.2d 1324, 1328 (5th Cir. 1990).

In determining appellant's base offense level based on the types and quantities of drugs involved, the district court was allowed to consider his "relevant conduct" as defined in U.S.S.G. § 1B1.3. U.S.S.G. Manual § 2D1.1, cmt. n.12 (2006); see also United States v. Wall, 180 F.3d 641, 644 (5th Cir. 1999). Such "relevant conduct" includes "all acts and omissions that were part of the same course of conduct or common scheme or plan as the offense of conviction." Wall, 180 F.3d at 645. In making a factual finding as to the applicable quantity of drugs for sentencing purposes based on such relevant conduct, the district court was entitled to consider estimates, provided that the estimates were reasonable and based on "relevant and sufficiently reliable evidence." Betancourt, 422 F.3d at 247–48 (holding that it was not clear error for the district court to multiply the amount of drugs sold to one person by the number of people to whom defendant sold); see also United States v. Medina, 161 F.3d 867, 876 (5th Cir. 1998) (noting that the quantity of drugs need not be limited to the actual quantities seized; the district judge can make an estimate).

The issue in this case, therefore, is whether the district court clearly erred in finding that the evidence was sufficient to support the inference that the quantities of marijuana were the same in the two prior incidents in which appellant imported marijuana into the United States as the quantity carried in the crime of conviction.

## III.

In the present case, the district court inferred that appellant smuggled the same amount of marijuana into the United States during two prior episodes of smuggling as he did during his third attempt. The district court based this extrapolation on the fact that appellant was paid similarly each time and traveled similar distances. The district court was entitled to find these facts sufficient to conclude that the expenses for the trips were similar because the appellant traveled approximately the same distance in each trip. Likewise, the

court was entitled to determine that the quantities smuggled were similar because the defendant was paid similar amounts each time—compensation relates to risk, and risk is tied to drug quantity.[2] Basing the sentence on such facts was not clearly erroneous as this information has "sufficient indicia of reliability to support its probable accuracy." Valdez, 453 F.2d at 267.

In an unpublished opinion, United States v. Perez, we found evidence very similar to that in the present case to be sufficient to support the district court's drug quantity estimate. 183 Fed. Appx. 477, 481 (5th Cir. 2006). In that case, the defendant was hired by a supplier to transport three loads of marijuana into the United States using the same vehicle each time, and he was paid the same amount for each trip. Id. at 479. Defendant was apprehended on his third trip. Id. From this evidence, we held that the district court did not clearly err in finding that, for sentencing purposes, the evidence was sufficient to justify tripling the amount attributable to defendant based on the quantity with which he was caught upon being arrested. Id. The facts of the present case are similar to those in Perez. In this case, appellant smuggled marijuana hidden in vehicles into the United States three times, was paid similar or identical amounts on each trip, traveled similar or identical distances each time, and was caught on his third trip.

This Court's holding in Cabrera is also instructive. 288 F.3d at 170–73. In Cabrera, we dealt with the issue of determining how many immigrants were smuggled by defendant into the United States on previous occasions. Id. at 171. We held that a number-of-immigrants finding could be based on an estimate similar to the estimations applied in cases determining applicable drug quantities, including those involved in related conduct, for sentencing purposes. Id. In Cabrera, we inferred that at least two immigrants were smuggled into

---

[2] This is because base offense levels for sentencing purposes increase as quantities smuggled increase. See U.S.S.G. § 2D1.1(c).

the United States per trip based on the fact that defendants paid parents to permit their children to accompany immigrants across the border. Id. at 167. Under this scheme, the immigrants posed as the mother and father of the children to avoid prosecution if discovered by the border patrol.[3] Id. On one of the trips, an INS agent testified, the INS found only one person used a child for such pretense; however, we agreed with the district court that a preponderance of the evidence supported the finding that an inference of two immigrants per trip could be made. Id. Similarly, in the present case, where appellant was paid $5,000 to smuggle marijuana into the United States on this trip, and where he was paid $5,000 and $4,500 on prior trips, it is reasonable to infer that a similar quantity of marijuana was transported on each trip.

Appellant argues that Perez is distinguishable because in this case the supplier was different on each of his trips (at least to his knowledge) and the vehicles used each time were different. We are not persuaded that these facts are sufficient to undermine the district court's findings. Appellant does not explain why involvement of different suppliers indicates different quantities were transported where he was paid a similar or identical fee and traveled a similar or identical distance. Moreover, in the crime of conviction, 31.79 kilograms of marijuana were found wrapped in bundles under the vehicle's dashboard, and the vehicles used in the previous trips, though different vehicle models, have dashboards and other compartments that could just as easily have held equal quantities of marijuana. We find that the trips were sufficiently similar such that the district court's extrapolation of drug quantities is reasonable and not clearly erroneous.

---

[3] The basis for wanting to appear as a family unit rests on the fact that Border Patrol has a policy of returning families to Mexico instead of detaining them and charging them with illegal entry. Cabrera, 288 F.3d at 166.

V.

Accordingly, the sentence is affirmed.

AFFIRMED.