# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 20, 2010

No. 09-50733
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAVIER MONTOYA-RUBIO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:09-CR-728-1

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Javier Montoya-Rubio appeals the sentences imposed following his guilty plea convictions on one count of importation of marijuana and one count of possession with intent to distribute marijuana. He challenges the district court's finding of the amount of marijuana attributable to him.

Montoya-Rubio attempted to enter the United States from Mexico in a vehicle containing 13.32 kilograms of marijuana hidden in a compartment under the backseat. After authorities discovered this marijuana, Montoya-Rubio

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

admitted that he agreed, in exchange for $1,000, to transport the marijuana across the border and to deliver it to a residence in Socorro, Texas. He further admitted that, on two occasions during the preceding three weeks, he had successfully used the same vehicle to transport an unknown quantity of marijuana from Mexico to the same residence in Socorro and was paid $1,000 on each occasion.

The district court found that Montoya-Rubio's initial two deliveries each involved a quantity of marijuana that was equivalent to the 13.32 kilograms he attempted to import on February 18, 2009. Accordingly, it found that he was responsible for 39.96 kilograms of marijuana, a quantity that resulted in the assessment of a base offense level of 18. *See* U.S.S.G. § 2D1.1(a)(3), (c)(11) (Nov. 2008). Montoya-Rubio contends that the district court erred in estimating the amount of marijuana involved in his two prior deliveries.

In determining a defendant's base offense level under § 2D1.1, a district court may consider as part of the defendant's relevant conduct any quantities of drugs that were part of the same course of conduct or common scheme or plan as the offense of conviction. *United States v. Wall*, 180 F.3d 641, 644 (5th Cir. 1999); *see* U.S.S.G. § 1B1.3(a)(2); § 2D1.1 cmt. n.12. The district court's determination of the quantity of drugs attributable to a defendant for purposes of § 2D1.1 is a factual finding that is reviewed for clear error. *United States v. Betancourt*, 422 F.3d 240, 246 (5th Cir. 2005). "A factual finding is not clearly erroneous as long as it is plausible in light of the record as a whole." *Id.* (internal quotation marks and citation omitted).

A district court may estimate the amount of drugs attributable to a defendant; its finding need not be limited to the actual quantities of drugs seized. *United States v. Medina*, 161 F.3d 867, 876 (5th Cir. 1998); *see Betancourt*, 422 F.3d at 246. A district court may extrapolate drug estimates "from any information that has a sufficient indicia of reliability to support its probably accuracy." *United States v. Valdez*, 453 F.3d 252, 267 (5th Cir. 2006)

(internal quotation marks and citation omitted). The finding of the amount of drugs attributable to a defendant is made under the preponderance of the evidence standard. *Betancourt*, 422 F.3d at 247.

Montoya-Rubio admitted that he used the same vehicle on three occasions during a three-week period to transport marijuana, the arranged payment for each occasion was $1,000, and he was to deliver the marijuana to the same residence on each occasion. The fact that each of Montoya-Rubio's trips involved the same fee for transporting marijuana to the same destination using the same hidden compartment of a vehicle suggests that he performed the same service in each trip. In light of the similar circumstances of the three instances, the district court did not clearly err in estimating that Montoya-Rubio's initial two deliveries each involved a quantity of marijuana that was equivalent to the quantity seized in his third trip. *See Betancourt*, 422 F.3d at 246; *Medina*, 161 F.3d at 876-77; *United States v. Sapien*, 265 F. App'x 312, 313 (5th Cir. 2008) (unpublished).

AFFIRMED.