# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

November 4, 2013

Lyle W. Cayce
Clerk

No. 13-50187
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

SERAFIN LOPEZ LICONA,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:12-CR-2144-1

Before JOLLY, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:*

Serafin Lopez Licona pleaded guilty of importing and possessing with

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii); 952(a); and 960(a)(1), (b)(1)(B).  The district court sentenced him to concurrent prison terms of eighty-seven months, which was at the low end of his advisory-guideline range.

Lopez Licona first argues that the court erred when it denied him a mitigating-role reduction under U.S.S.G. § 3B1.2.  We review sentences for reasonableness in light of the factors in 18 U.S.C. § 3553(a).  *Gall v. United States*, 552 U.S. 38, 51 (2007).  We first examine whether the court committed any procedural errors, i*d.*, reviewing the court's interpretation and application of the sentencing guidelines *de novo* and its findings of fact for clear error. *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).

The sentence was based solely on Lopez Licona's importation and transportation of the nineteen kilograms of cocaine involved in the offenses of conviction.  If a sentence is based on activity in which a defendant was actually involved, § 3B1.2 does not require a reduction in the base offense level even though the defendant's activity in a larger conspiracy may have been minor. *United States v. Atanda*, 60 F.3d 196, 199 (5th Cir. 1995).  Accordingly, the court did not clearly err in concluding that Lopez Licona was not entitled to a mitigating-role reduction under § 3B1.2.  *See id.*

Lopez Licona contends that his sentences are unreasonable because they are greater than necessary to accomplish the goals in § 3553(a).  We review "the substantive reasonableness of the sentence imposed under an abuse-of-discretion standard."  *Gall*, 552 U.S. at 51.  "[A] sentence within a properly calculated Guideline range is presumptively reasonable."  *United States v. Alonzo*, 435 F.3d 551, 554 (5th Cir. 2006).

First, we have consistently rejected the argument that a guideline lacking an empirical basis will result in an excessive sentence.  *See United States*

*v. Duarte*, 569 F.3d 528, 529-30 (5th Cir. 2009); *see also United States v. Mondragon-Santiago*, 564 F.3d 357, 366-67 (5th Cir. 2009). Second, the record reflects that the court considered the advisory guidelines range of imprisonment, Lopez Licona's arguments for a more lenient sentence and his statements in allocution, and the § 3553(a) factors. Lopez Licona has not shown that the court failed to give proper weight to his arguments or to any particular § 3553(a) factor. *See United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009). He has failed to rebut the presumption of reasonableness that attaches to his within-guidelines sentence, *see United States v. Gomez-Herrera*, 523 F.3d 554, 565-66 (5th Cir. 2008), and he has not shown that the court abused its discretion in imposing a within-guidelines sentence, s*ee Gall*, 552 U.S. at 51.

AFFIRMED.